# EXHIBIT 1

# Whistleblower Online Complaint

## Part 1 - Employee Information

**Online Complaint Number:**    ECN83315

**Complaint Filed Date:**    May 18, 2022

**Complainant Name:**    Wyderka, Andrew

**Complainant Address:**    17800 Duncan Lane
Aurora, IN 47001

**Complainant Home Phone:**

**Complainant Work Phone:**

**Complainant Cell Phone:**    812-221-5276

**Complainant Email:**    andrusite@gmail.com

**Best Time to Contact:**  Evening

**No Telephone Available checked:**

**Date of Hire:**

**Worksite Address:**    4910 Limaburg Road
Burlington, KY 41005

**Preferred Method of Contact:**    Email

**Job Title:**

**Exclusive Bargaining Representative:**

**Person Filing Complaint is:**

**Other Contact Person ?  Name :**

**Phone :**

**Person filing certifies that the information in this**
**complaint is true and correct to the best of their knowledge:**    Yes

# Whistleblower Online Complaint

## Part 2 - Employer Information

**Employer Name:**   Energy Transfer Company DBA Sunoco Logistics

**Employer Type:**   Hazardous Liquids and Natural Gas Transportation

**Sector**   Private                                                          **if Public** :

**Employer Mailing Address:**

**Employer Work Phone:**                                                      **Alt Work Phone :**

**Employer Fax:**                                                             **Alt Fax:**

**Employer Email:**

**Manager's  Name:**   Stamm, Todd

**Manager's Job Title:**   VP Pipeline Operations

**Manager's Work Phone:**

**Supervisor's Name:**   Calfee, Todd

**Supervisor's Job Title:** Operations Manager

**Different Company Name**

# Whistleblower Online Complaint

## Part 3 - Allegation of Discrimination / Retaliation

**Name of Management Person Responsible for the Retaliation:**

**Job Title of Management Person Responsible for the Retaliation:**

**Adverse Action:** Termination / Layoff
Discipline
Demotion /
 Failure to Hire / Re-Hire
Negative Performance Evaluation
Harassment / Intimidation

**Other Adverse Actions:**

**Adverse Action Dates**
 2022-01-06

**Agency Name :**

**When did you first learn that the action(s) would be taken against you?**

**Please describe why you believe you suffered the adverse actions :**
Retaliation practices against me for reporting to management several pipeline safety violations. The retaliation practices started after, on or about October 16, 2020, I reported to my supervisor that relief valves (required to be tested every 12 months not to exceed 15 ½ months) have never been tested, were unable to be tested, and completely out of compliance. Ultimately terminated after supervisor overheard in a conversation about me contacting PHMSA and internal investigators to report violations of pipeline safety laws.

**Other :**
Was overheard in a conversation about contacting PHMSA and internal investigators

**What reason(s) did your employer give for the adverse action(s) :**
"Company moving in a different direction"

**Is there anything that you would like OSHA to know about what happened? Please include witness names or their contact information**
Company engaged in a pattern of harassment that resulted in my discipline, demotion, and termination up to and including medical discrimination. I have evidence of years of violations reported to management of pipeline safety laws.

**Allegation Code:**
 Complained to management

**Allegation Code - Refused to Perform Task:**

**Allegation Code - Testified or Provided Statement in Investigation or Other Proceedings:**

**Allegation Code - Other:**

**Allegation Dates:**

**Do you believe the employer knew you engaged in the activities described?**

**Has the Complainant Filed Previous Complaint?**

**Previous Complaint Number:**

# Whistleblower Online Complaint

**Previous Complaint Date:**

**Other Actions Taken by Complainant:**

**How did complainant become aware a complaint could be filed with OSHA?**

# Whistleblower Online Complaint

## Part 4 - Identification of Representative

**Representative's Name:**

**Representative's Job Title:**

**Representative's Organization:**

**Union Affiliation:**

**Representative's Address:**

**Representative's Phone:**

**Representative's Cell Phone:**

**Representative's Email:**

**Representative certifies the named employee
has authorized him/her to act as their representative:**  Not signed

**Do you have authorized/designated representative
(e.g., attorney,shop steward)?**  No

**Are you an authorized/designated (e.g., attorney, shop
steward) that is filling on behalf of an employee**  No

## Additional Comments

# EXHIBIT 2

# UNITED STATES DEPARTMENT OF LABOR

## OFFICE OF ADMINISTRATIVE LAW JUDGES

### Cincinnati, Ohio

_____

Issue Date: 15 January 2025

OALJ Case No. 2023-PSI-00001
OSHA Case No. 4-1221-22-046

In the Matter of:

**ANDREW WYDERKA**,
     Complainant,

     v.

**ENERGY TRANSFER COMPANY
d/b/a SUNOCO LOGISTICS**,
     Respondent.

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

This matter arises under the employee protection provisions of the Pipeline Safety Improvement Act of 2002 (PSIA), 49 U.S.C. § 60129, and its implementing regulations at 29 C.F.R. Part 1981. Proceedings will be conducted in accord with the Administrative Procedures Act (APA), the PSIA and its implementing regulations, and the Rules of Practice and Procedure for Administrative Hearings Before the Office of Administrative Law Judges. 5 U.S.C. Chapter 5; 49 U.S.C. § 60129; 29 C.F.R. Part 1981; 29 C.F.R. Part 18. This case will be heard on September 9, 2025. *Second Amended Notice of Hearing* (Oct. 10, 2024). Prehearing submissions are due on or before August 20, 2025. *Second Amended Prehearing Order* ¶ 8 (Oct. 10, 2024).

**I. Background**

On November 21, 2024, Respondent filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Motion). Respondent argues that the Secretary of Labor may not render a final order in this matter and, instead, Complainant's action must be dismissed. *Motion*, generally. Respondent bases their argument upon the United States Supreme Court case of *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024).[1]

---

[1] Respondent also cites to the Fifth Circuit's decision in *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022) which was affirmed in part and remanded in *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024). Respondent refers to the Fifth Circuit's decision as "Jarkesy I." *Motion* at 2. I have considered the Fifth Circuit's decision, but I note that Complainant does not reside in the Fifth Circuit and there is no evidence that Complainant was terminated within the Fifth Circuit. 29 C.F.R. §§ 1981.110(a), 1981.112(a) (appeals from administrative law judge findings are heard by the Administrative Review Board, appeals from the Administrative Review Board are heard "in the United States Court of Appeals

Complainant responded on November 22, 2024.

The Assistant Secretary of Labor for Occupational Safety and Health is always a party in PSIA whistleblower actions, and they may participate at any time "at the Assistant Secretary's discretion." 29 C.F.R. § 1981.108(a)(1). I issued a Notice to the Assistant Secretary of Labor for Occupational Safety and Health (Notice) on November 25, 2024, which notified the Assistant Secretary of Respondent's Motion and the deadline for responses thereto. The Assistant Secretary responded on December 20, 2024[2] by filing a Brief for the Assistant Secretary of Labor for Occupational Safety and Health as Amicus Curae (Secretary's Response). The Secretary's Response argues that administrative law judges are bound to adjudicate claims in accord with existing law, and existing law does not demand dismissal.

Replies are not generally permitted in PSIA whistleblower proceedings, but Respondent sought, and was permitted, time in which to file a reply. *Respondent Sunoco Logistics Partner GP, LLCs Response to Assistant Secretary's Request for Extension to File Response Brief* (Dec. 11, 2024); *Order Granting Assistant Secretary's Request for Extension to File Response Brief* (Jan. 2, 2025); 29 C.F.R. § 1981.107(a); 29 C.F.R. § 18.33(d). Respondent's Reply disagrees with the Assistant Secretary's averments regarding the state of existing law and whether dismissal is warranted. *Reply Brief in Response to the Brief for the Assistant Secretary of Labor for the Occupational Safety and Health As Amicus Curae* (Jan. 7, 2025).

## II. Analysis

### a. Subject Matter Jurisdiction

Respondent argues that this Tribunal "has the power to consider whether it has or does not have the power to adjudicate this case due to lack of subject matter jurisdiction." *Motion* at 2 (emphasis removed). At the same time Respondent argues that subject matter jurisdiction does not exist and I do not have the power to hear this case. *Id*. at 2-3.

---

for the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the violation."). Complainant resides in Illinois, which lies in the Seventh Circuit, and they appear to have been terminated within the Sixth Circuit. *see Complaint* at 2; *Respondent Sunoco Logistics Partners GP, LLC's Motion for Summary Dismissal and Memorandum of Law in Support* (Respondent's Motion for Summary Decision) and supporting Exhibits (Dec. 7, 2023). The Seventh Circuit has not considered the U.S. Supreme Court's holding in *Jarkesy*. The Sixth Circuit has, but they considered it only in the context of an appeal of an order denying a request to enjoin an administrative proceeding before the National Labor Relations Board; the Sixth Circuit did not consider *Jarkesy* in the context of a PSIA whistleblower action or in the context of any whistleblower action, and they did not determine how to resolve the removal protection issue. *YAPP USA Automotive Systems, Inc. v. National Labor Relations Board*, Case No. No. 24-1754, 2024 WL 4489598 (Oct. 13, 2024) (unrep.).

[2] The Assistant Secretary sought additional time in which to respond. *Assistant Secretary's Request for Extension to File Response Brief* (Dec. 3, 2024). Their request was granted. *Order Granting Assistant Secretary's Request for Extension to File Response Brief* (Jan. 2, 2025).

A challenge to subject matter jurisdictional may be brought as a facial or factual challenge. *Gentek Bldg. Prods., Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial challenge asks whether a complainant has adequately pled facts to support a claim, even if the complainant's facts are accepted as true. *Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 543 (6th Cir. 2021). A factual challenge asks whether jurisdiction exists, as a matter of fact. *Cartwright v. Garner*, 751 F.3d 752, 759-760 (6th Cir. 2014). To raise a factual attack, a party usually files an answer, though it may present competing facts in another way. *Id*. Respondent appears to be challenging whether this Tribunal has subject matter jurisdiction over actions brought under the PSIA's whistleblower provisions, as a matter of law, even when such actions are properly brought under the statute.[3]

A court or tribunal has subject matter jurisdiction as a matter of law if it has the ability to decide a case. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Heitmann v. City of Chicago, Ill*, 560 F.3d 642 (7th Cir. 2009). Subject-matter jurisdiction, as a matter of law, is conferred upon this Tribunal by the PSIA, its implementing regulations, and the Administrative Procedure Act. 49 U.S.C. § 60129(b)(2); 5 U.S.C. § 554; 29 C.F.R. § 1981.107. Congress conferred jurisdiction when it enacted 49 U.S.C. § 60129. The question is thus whether the jurisdiction conferred on this Tribunal by Congress is constitutional, given the Supreme Court's decision in *Jarkesy*.[4]

I do not have the power to decide that issue in the ultimate sense. The Administrative Procedure Act requires that my decision be based upon the record before me, in accord with existing law. 5 U.S.C. §§ 556(e), 557(c)(3)(A). The PSIA requires the same. 29 C.F.R. §§ 1981.106(a), 1981.107(b). The law, as it currently exists, permits this Tribunal to hear this matter. The remainder of this order explains the basis for this finding, in accord with the requirement that this Tribunal must explain and set forth the facts and law supporting its orders. 5 U.S.C. § 557(c)(3)(A); 29 C.F.R. § 1981.109(a).

**b. The Role of Administrative Law Judges and PSIA Actions After Jarkesy**

Respondent reads *Jarkesy* to say that "a party defending legal claims brought under a federal statute before an administrative agency vested with both prosecutorial and judicial authority is entitled under the Seventh Amendment 'to be tried by a jury of his peers before a neutral adjudicator.'" *Motion* at 3. Respondent misunderstands this proceeding, as discussed below.

**1. Administrative Law Judges Have Neither Prosecutorial Nor Judicial Authority; Removal Protections**

---

[3] This matter has been before me since March 21, 2023. Respondent filed a motion for summary decision, but it did not file a motion to dismiss for lack of subject matter jurisdiction until the Court's decision in *Jarkesy*. *See Notice of Assignment, Order Scheduling Initial Conference* (Mar. 22, 2023) (case was assigned to me on March 21, 2023); *Respondent's Motion for Summary Dismissal and Memorandum of Law in Support* (Dec. 7, 2023).

[4] Whether jurisdiction exists in this case as a matter of fact will be determined at hearing, unless the parties reach a stipulation.

Congress does not have the power to grant an agency judicial authority, and they did not grant such to the Department of Labor. Congress, instead, sought to ensure that the Department of Labor did not render a final agency decision without affording complainants and respondents a transparent, fulsome process that includes the opportunity to engage in formal dialogue about whether a violation of the PSIA's whistleblower provisions should be found and, if so, what remedies are appropriate. 49 U.S.C. § 60129(b)(2); 5 U.S.C. § 557(b); *see also* U.S. Const., Art II, § 3 (Executive must faithfully execute the laws passed by Congress). Thus, instead of conducting an investigation and then issuing a final decision without parties' input, Congress added a step prior to the issuance of a final agency decision – a step that invites aggrieved parties to engage in a formal hearing regarding the final agency decision.[5] 49 U.S.C. § 60129(b)(2); 5 U.S.C. §§ 554, 557(b). The Department of Labor thus does not have "judicial authority;" it is an administrative agency tasked with "faithfully executing" laws passed by Congress, in the manner Congress prescribed. U.S. Const., Art II, § 3; 49 U.S.C. § 60129; 5 U.S.C. § 557. To render what may become a final agency decision, I must consider the facts presented by the parties in this action in accordance with existing law.

I may not prosecute this case, and I may not demand that the Department of Labor undertake prosecution or further the prosecution begun by OSHA. *See, e.g.*, 29 C.F.R. § 1981.109(a) (remands to OSHA are not permitted "for the completion of an investigation or for additional findings on the basis that a determination to dismiss was made in error."). I cannot direct the Department of Labor to undertake, complete, or supplement an investigation of any kind, and I lack even the power to issue subpoenas to third parties. 29 C.F.R. § 18.12(b) (outlining the authority of administrative law judges as a general matter); 49 U.S.C. § 60129(b)(3)(A) (providing no prosecutory powers to administrative law judges), 29 C.F.R. Part 1981 (same); *Fagan v. Dep't of the Navy*, ARB Case No. 2023-0006, 2024 WL 1091871 (Feb. 28, 2024). I may "review" "neither the Assistant Secretary's determination to dismiss a complaint without completing an investigation … nor the Assistant Secretary's determination to proceed with an investigation." 29 C.F.R. § 1981.108(a). I may hear only the evidence the parties chose to provide. 29 C.F.R. §§ 1981.106(a), 1981.107(b).

After considering the facts provided by the parties, I must issue an order containing "appropriate findings, conclusions, and an order pertaining to the remedies [available under the PSIA]" unless the matter is otherwise disposed of by the parties. 29 C.F.R. § 1981.109(a); *see also* 5 U.S.C. § 557(c)(3)(A) (requiring an agency to set forth "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record" prior to reaching its final agency decision).

---

[5] Congress determined that complainants could skip this final step, however, and proceed directly to the proper United States District Court if the Department of Labor fails to render a decision within 210 days of the date upon which Complainant filed their complaint and there is no showing that the delay is due to the Complainant's bad faith. 49 U.S.C. § 60129(b)(3)(D)(i). Congress did not afford a similar right to respondents, a fact with which Respondent takes issue. *Motion* at 4-5.

4

In summary, administrative law judges operate underneath the law and policy made by legislatures, Article III courts, the Secretary of Labor, and the other persons and entities capable of making such decisions; administrative law judges may not make law and we may not engage in policymaking. Additionally, we do not have prosecutorial authority and we may not even review or consider the prosecutive actions previously taken by the Department of Labor in a matter. We simply apply the existing law to the facts presented by the parties and then issue an order, which may become the final decision of the Secretary of Labor unless the parties seek further proceedings or the Secretary of Labor decides to intervene. 29 C.F.R. §§ 1981.108(a)(1), 1981.109(c), 1981.112(a).

Department of Labor administrative law judges thus exercise only a limited type of adjudicative function. *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1130 (9th Cir. 2021) (considering the removal protections afforded to Department of Labor administrative law judges); *see also* 5 U.S.C. § 557(b) (explaining role of "presiding employees"). In addition, the President may remove both the Secretary of Labor, who may reverse or modify any order issued by an administrative law judge, and the members of the Administrative Review Board, who may do the same. *Myers v. United States*, 272 U.S. 52 (1926); *Pehringer*, 8 F.4th at 1135.

**2. The PSIA, Jarkesy, and the Seventh Amendment**
On June 27, 2024, the United States Supreme Court held that an administrative enforcement action brought by the Securities and Exchange Commission (SEC) against George R. Jarkesy and Patriot28 (Jarkesy) was unconstitutional. *Jarkesy*, 603 U.S. 109. In *Jarkesy*, the SEC conducted an investigation and, after doing so, issued a preliminary order determining that Jarkesy violated several antifraud provisions of the Securities Act, the Securities Exchange Act, and the Investment Advisers Act. *Jarkesy*, 603 U.S. at 117. Jarkesy contested the preliminary order, which triggered the SEC's obligation to issue a final order. *Id*.

The law gave the SEC a choice. *Jarkesy*, 603 U.S. at 116-117. It could afford the parties additional due process by bringing an enforcement action in administrative tribunal, which would hear the parties' facts and arguments and then recommend a final agency order (that would then be reviewed by the agency and used to issue a final agency order[6]), or it could stand upon its preliminary order and proceed directly to federal district court, foregoing additional process and factfinding.[7] *Id*. The SEC decided to proceed in an administrative tribunal. *Id*. at 117-118.

A SEC administrative law judge heard the matter and, after doing so, issued an initial agency decision. *Jarkesy*, 603 U.S. at 117-118. The SEC reviewed the initial decision and, after doing so, issued a final agency decision. *Id*. The final agency order "levied a civil penalty[8] of $300,000

---

[6] The final agency could be appealed to federal district court. *Jarkesy*, 603 U.S. at 117.
[7] Congress did not give OSHA a similar choice in whistleblower claims. *See* 49 U.S.C. § 60129(b)(3)(A); 29 C.F.R. Part 1981.
[8] Civil penalties are not available in PSIA whistleblower actions. *See* 49 U.S.C. § 60129(b)(3)(A); 29 C.F.R. Part 1981.

5

against Jarkesy, directed them to cease and desist committing or causing violations of the antifraud provisions and disgorge earnings, and prohibited Jarkesy from participating in the securities industry and in offerings of penny stocks." *Id*. at 119.

Jarkesy then sought judicial review of the agency's final decision. *Jarkesy*, 603 U.S. at 119. After review of the SEC action and the action of the federal courts below, the Supreme Court held that "the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties against him for securities fraud." *Id*. at 120. The SEC's decision to bring a civil penalty action in an administrative tribunal thus violated the Seventh Amendment. *Id*. at 121-126. The Court also considered the fact that the action was analogous to a common law fraud action, as Congress drew upon common law fraud actions when designing the statutes in question. *Id*. at 125-126.

The Court explained that the SEC action was unconstitutional because the SEC civil penalty action was punitive (*i.e.*, it was "legal in nature") and because the "public rights exception" did not apply. *Jarkesy*, 603 U.S. 109. According to the Court, actions seeking civil money penalties that seek to punish a wrongdoer are "legal in nature" and trigger the right to jury trial. *Id*. at 122-125. But an action does not become "legal in nature" simply because some variety of monetary relief is sought. *Id*. Instead, the question is whether the monetary relief is being sought to punish or to make whole, *i.e.*, whether the action is legal or equitable. *Id*. If the monetary relief is sought to make a complainant whole, *i.e.*, "serve a remedial purpose," the Seventh Amendment is not implicated. *Id*.

If a civil penalty action is punitive (and thus triggers the Seventh Amendment), the next question is whether the action can nonetheless be brought in an administrative tribunal because the "public rights exception" applies. *Jarkesy*, 603 U.S. at 127-140. If the public rights exception applies, the jury trial right does not attach. *Id*. The public rights exception applies to matters that "historically could have been determined exclusively by [the executive and legislative] branches[;]" it does not apply to actions that were, traditionally, brought under common law. *Id*. at 128, 130-131.

## A. Damages Available Under the PSIA's Whistleblower Provision and the Seventh Amendment

The first question is whether the remedies available to whistleblowers under the PSIA seek to punish employers, in which case the Seventh Amendment is implicated, or whether the remedies seek to make complainants whole, in which case they serve a remedial purpose and do not implicate the Seventh Amendment. *Jarkesy*, 603 U.S. at 122-125.

Under the PSIA, a complainant may seek 1) affirmative action to abate the violation; 2) reinstatement to their former position, with the associated "terms, conditions, and privileges" and compensation, including back pay; 3) compensatory damages; and 4) reasonably incurred attorney fees and costs, if requested. 49 U.S.C. § 60129(b)(3)(B); 29 C.F.R. § 1981.109(b).

6

In the context of PSIA (and many other) whistleblower actions, affirmative action to abate a violation is a remedial remedy, as are reinstatement, back pay, compensatory damages, and reasonably incurred attorney fees and costs. 49 U.S.C. § 60129(b)(3)(B); 29 C.F.R. §1981.109(b); *See also Halliburton v. Administrative Review Board*, 771 F.3d 254, 266-267 (5th Cir. 2014) (discussing similar remedies afforded by the whistleblower provisions of the Sarbanes-Oxley Act). Some whistleblower statutes authorize punitive damages, but the PSIA is not one of them. *See* 49 U.S.C. 20109(e)(1) (authorizing punitive damages in actions brought under the whistleblower provisions of the Federal Railroad Safety Act). The remedies available to whistleblowers under the PSIA thus do not serve to punish a wrongdoer; they serve only to place the whistleblower back in the same position that they would have been in, but for the adverse action. 49 U.S.C. § 60129(b)(3)(B); 29 C.F.R. § 1981.109(b).

Such make-whole remedies are the historical norm in whistleblower actions, even prior to enactment of the PSIA. Since the enactment of the Whistleblower Protection Act of 1778, whistleblower statutes have been designed not to punish the persons and/ or entities that may have violated the law, but to ensure that persons with knowledge "give the earliest information to Congress or other proper authority of any misconduct, frauds or misdemeanors committed by [the persons at issue], which may come to their knowledge" so that the appropriate authorities can determine whether punishment is warranted. [9] S. Res. 2002, 113th Congress (2012) (enacted); *see also* 11 Journals of the Continental Congress 1774-1789, at 732 (Government Printing Office 1908). Actions seeking to punish wrongdoers are brought in another venue, and most of these actions do not even involve a whistleblower. *See, e.g., SFPP, L.P. v. Union Pacific Railroad Co.*, 274 Fed.Appx. 549 (9th Cir. 2008) (unpub.) (interstate pipeline operator brought suit against railroad alleging PISA violation); *In re Enterprise Products Partners, LP*, CPF No. 3-2005-5018, 2010 WL 6539181 (Oct. 12, 2010) (action brought by the Pipeline and Hazardous Materials Safety Administration); H.R. Rept. 111-144(l) at 1 (discussing civil penalty action brought by the Department of Transportation after the Bellingham pipeline accident).

If a whistleblower provides information and is not subjected to adverse action, they have no cause of action, even if wrongdoing is found and the violator is ultimately punished by means of a private lawsuit or by an action brought by appropriate authorities. 49 U.S.C. § 60129(b)(2)(B)(i); 29 C.F.R. §§ 1981.102, 1981.104(b). If the whistleblower engages in protected activity and is then subjected to adverse action because of their protected activity, however, they may bring a whistleblower action to put themself back in the position they would have been in, but for the adverse activity.[10] 49 U.S.C. § 60129(b)(3)(B); 29 C.F.R. § 1981.109(b). The

---

[9] Whistleblower actions thus serve to further the public interest in a properly functioning government and economy, as is further discussed below. They are not, as Respondent argues, analogous to a simple breach-of-contract or tort action between an employee and employer. *See Motion* at 6-7.

[10] After a complainant has met their burden to show a prima facie case, an employer may, still and defend against a finding in complainant's favor by putting forth clear and convincing evidence to show either (1) that it would have taken the adverse action even in the absence of the complainant's

PSIA's whistleblower provision thus serves the public's interest by encouraging whistleblowing. It is not an action to punish for any wrongdoing uncovered by the whistleblowing; punishment for the wrongdoing uncovered is had by means of another action in another venue.

Respondent nonetheless argues that "most of [Complainant's] requested remedies under the PSIA are legal in nature[,]" thus triggering its Seventh Amendment right to a jury trial. *Motion* at 4. Respondent does not state which damages it believes to be legal, but it asserts that compensatory damages are "legal in nature[.]'" *Id.* at 5, 7-9. Respondent cites *Mertens v. Hewett Associates*, 508 U.S. 248 (1993); *Woodell v. International Brotherhood of Electrical Workers, Local 71*, 502 U.S. 93 (1991); C*hauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990); *Eichorn v. AT&T Corp.*, 484 F.3d 644 (3rd Cir. 2007); *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246 (10th Cir. 2004); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955 (10th Cir. 2002); and *EEOC v. Baltimore County*, 904 F.3d 330 (4th Cir. 2018) in support of its assertion. Respondent also asserts that attorney fees and costs are "legal in nature" and thus trigger its jury trial right. *Motion*, fn. 4. It cites *Jarkesy* and *Tull v. United States*, 481 U.S. 412 (1987) in support of this assertion.

The *Jarkesy* Court recognized that compensatory damages sought to make a complainant whole are an equitable remedy. *Jarkesy*, 603 U.S. at 121-126. As neither the PSIA nor its implementing regulations afford punitive damages, the Seventh Amendment is not implicated. 49 U.S.C. § 60129(b)(3)(B); 29 C.F.R. § 1981.109(b).

The cases cited by Respondent do not direct another result. *Mertens* was a case brought under the Employee Retirement Security Act of 1974, which contains detailed rules regarding the various venues under which various remedies may be sought. *See* 29 U.S.C. § 1132(d). Respondent cites *Mertens* for the proposition that money damages are a "classic form of legal relief." *Motion* at 5. The *Jarkesy* Court also cites *Mertens*, however, and its citation is more nuanced. The Court cited *Mertens* for the proposition that "[w]hile monetary relief can be legal or equitable, money damages are the prototypical common law remedy." *Jarkesy*, 603 U.S. at 123. The citation goes on to read, however, that "[w]hat determines whether a monetary remedy is legal is if it is designed to punish or deter the wrongdoer, or, on the other hand, solely to restore the status quo." *Id.* (citing *Tull*, 481 U.S. at 422). The proper inquiry is to the purpose of the monetary damages sought, not whether they are sought.

*Woodell* and *Chauffeurs, Teamsters and Helpers* regard private actions brought by individuals against their union for breaches of contract. 502 U.S. 93; 494 U.S. 558. *Eichorn* was a private action brought by pensioners against their employer for interference with pension rights, as was *Millsap*. 368 F.3d 1246; 368 F.3d 1246. *Smith* was a private action brought by an employee against an employer. 298 F.3d 955. *Baltimore County* regarded the penalties available under the Americans with Disabilities Act and the Fair Labor Standards Act, both of which have a long

---

protected activity, or (2) that the complainant deliberately caused the violation complained about, without direction from the employer. 49 U.S.C. § (b)(2)(B)(ii) and (d); 29 C.F.R. §§ 1981.102(c), 1981.104(c); *see Carpenter v. Solis*, 439 Fed.Appx. 480 (6th Cir. 2011) (unrep.).

history and specialized jurisprudence. 904 F.3d 330. None of these cases examine the penalties available to whistleblowers, whether under the PSIA's whistleblower provisions or under the whistleblower provisions of other, similar statutes. These cases are inopposite to the resolution of this matter.

**B. The Public Rights Exception and PSIA Whistleblower Actions**

Respondent argues that the public rights exception does not apply because this matter is analogous to a private right of action brought at common law. *Motion* at 9-11.

Even if the make-whole damages sought by Complainant are found to trigger the Seventh Amendment right to a jury trial, the "public rights exception" removes it. Cases involving "public rights" are those that "historically could have been determined exclusively by [the executive and legislative] branches . . . even when they were presented in such form that the judicial power [wa]s capable of acting on them."[11] *Jarkesy*, 603 U.S. at 128.

Congress and the executive have long empowered whistleblowers as a means to protect the public's right in the proper functioning of various sectors of the government and economy. *Acosta v. Fairmont Foundry, Inc.*, 391 F. Supp. 3d 395, 418 (E.D. Penn. 2019) (noting that the Secretary of Labor seeks "to vindicate a public right (established by Congress) for employees to be free from retaliation for seeking safe workplaces" by bringing whistleblower actions under the Occupational Safety and Health Act); *Perez v. Clearwater Paper Corporation*, 184 F. Supp. 3d 831, 844 (D. Idaho 2016) (same); *Civil Service Reform Act of 1978*, S. Rep. No. 95-969 (July 10, 1978) (empowering government whistleblowers to ensure that the public right in an effective government workforce is maintained); *Whistleblower Protection Act of 1989*, Public Law 101–12 (Apr. 10, 1989) (strengthening whistleblower protections to, in part "help eliminate wrongdoing within the Government.")

And this is also true of the PSIA's whistleblower provisions. The PSIA's whistleblower provisions were enacted after the 1999 gasoline pipeline rupture and file in Bellingham, Washington and the 2000 natural gas pipeline explosion in Carlsbad, New Mexico. H.R. 111-144(l), 2009 WL 1620669, * 3 (June 9, 2009); S. Rep. 106-387 at 19-20, 2000 WL 1234655 (Aug. 25, 2000); 146 Cong. Rec. H9548-01, H9554, 2000 WL 1505678 (Oct. 10, 2000). The Bellingham rupture released 237,000 gallons of gasoline into a creek, "sending a fireball about 1.5 miles down the creek, which took the lives of two 10-year-old boys." H.R. 111-144(l), * 1. In the end, the Bellingham rupture caused $45 million in damage, eight injuries, and three deaths. [Pipeline Rupture and Subsequent Fire in Bellingham, Washington June 10, 1999](National Transportation Safety Board Accident Report). The Carlsbad explosion occurred after a natural gas pipeline failed and the gas ignited. H.R. 111-144(l). The explosion caused extensive damage to two steel suspension bridges and killed twelve people. *Id*.; *see also* [Natural Gas Pipeline](#)

---

[11] The Court provides actions to collect revenue, civil money penalties imposed by agencies enforcing customs and immigration provisions as well as the granting of public benefits as examples of actions regarding public rights. *Jarkesy*, 603 U.S. at 127-128.

Rupture and Fire Near Carlsbad, New Mexico August 19, 2000 (National Transportation Safety Board Accident Report).

Congress determined that the safety and security of America's pipelines would be improved if employees were empowered to report violations of the Act, without concern as to whether they would be subjected to adverse action for doing so. H.R. 111-144(l); 146 Cong. Rec. H9548-01, *see* H9557 (noting that the PSIA "provides, for the first time, whistle-blower protection for pipeline employees who wish to come forward and report possible safety or other types of violations."). Congress thus enacted the PSIA's whistleblower protections to protect the safety of our national pipeline infrastructure, and the health and safety of persons who live, work, and recreate nearby. *Id*.

### III. Conclusion

The PSIA permits only equitable remedies, and its whistleblower provisions serve to vindicate a public right for employees to be free from retaliation for seeking safe workplaces, and for Americans to have a safe, well-functioning system of pipelines. Respondent's Motion is **DENIED**.

It is **SO ORDERED**:

WILLOW EDEN FORT
Administrative Law Judge

10

# SERVICE SHEET

Case Name:  **Wyderka_v_Energy_Transfer_dba__**

Case Number: **2023PSI00001**

Document Title: **ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

I hereby certify that a copy of the above-referenced document was sent to the following this 15th day of January, 2025:

**LINDA S TIERNEY**
Paralegal Specialist

| | |
|---|---|
| OSHA-Region 5 Regional Administrator | Richard Diaz, Esq. |
| Regional Administrator | Richard.diaz@energytransfer.com |
| Region 5 | Chief Counsel |
| U. S. Department of Labor, OSHA | Energy Transfer Co. |
| Room 3244 | dba Sunoco Logistics |
| 230 South Dearborn Street | 4910 Limaburg Road |
| CHICAGO IL 60604 | BURLINGTON, KY 41005 |
| *{Electronic - Regular Email}* | *{Electronic - Regular Email}* |
| | |
| OSHA, Whistlebl Director | Andrew Wyderka |
| OSHA.DWPP@dol.gov | andrusite@gmail.com |
| Director | 17800 Duncan Lane |
| Directorate of Whistleblower Protection Programs | AURORA IN 47001 |
| U S Department of Labor, OSHA | *{Electronic - Regular Email}* |
| Room N 4618 FPB | |
| 200 CONSTITUTION AVE NW | Kara Maciel, Thompson |
| WASHINGTON DC 20210 | kmaciel@connmaciel.com |
| *{Electronic - Regular Email}* | Conn Maciel Carey LLP |
| | 5335 Wisconsin Ave. NW, Suite 660 |
| | WASHINGTON DC 20015 |
| | *{Electronic - Regular Email}* |

**SERVICE SHEET** continued (2023PSI00001 Order)          Page: 2

Mark Ishu
mishu@connmaciel.com
Conn Maciel Carey LLP
Conn Maciel Carey, LLP
53 W. Jackson Boulevard, Suite 1352
CHICAGO IL 60068
          *{Electronic - Regular Email}*

Rachel Graeber
Graeber.Rachel@dol.gov
61 Forsyyth Street, S.W. Room 7T10
ATLANTA GA 30303
          *{Electronic - Regular Email}*

Joseph Abdoud
aboud.joseph.e@dol.gov
200 Constitution Ave NW
WASHINGTON DC DC 20210
          *{Electronic - Regular Email}*

Joseph Abboud
abboud.joseph.e@dol.gov
Office of the Solicitor, Fair Labor Standards (F
200 Constitution Ave N.W.
Room N-2716
WASHINGTON DC 20210
          *{Electronic - Regular Email}*

# EXHIBIT 3

**U.S. Department of Labor**    Administrative Review Board
200 Constitution Ave. NW
Washington, DC 20210-0001



IN THE MATTER OF:

ANDREW WYDERKA,                           ARB CASE NO. 2025-0033

    COMPLAINANT,                      ALJ CASE NO. 2023-PSI-00001
                                          ALJ WILLOW EDEN FORT
    v.
                                          DATE: February 24, 2025
ENERGY TRANSFER d/b/a SUNOCO
LOGISTICS,

    RESPONDENT.

**Before WARREN, Administrative Appeals Judge, and ROLFE, Administrative Appeals Judge**

### DECISION AND ORDER DENYING INTERLOCUTORY APPEAL

PER CURIAM:

    This matter arises under the Pipeline Safety Improvement Act of 2002 (PSIA) and its implementing regulations.[1] While this case was pending before Administrative Law Judge (ALJ) Willow Eden Fort, Energy Transfer (Respondent) filed a Motion to Dismiss, alleging that the ALJ lacked subject-matter jurisdiction under *SEC v. Jarkesy*.[2] On January 15, 2025, the ALJ denied Respondent's Motion to Dismiss. On January 31, 2025, Respondent filed a Petition for Interlocutory Review requesting that the Administrative Review Board (Board) review the ALJ's denial of Respondent's Motion to Dismiss. On February 11, 2025, the ALJ certified, at Respondent's request, the "issue of whether Respondent is entitled to a jury trial

---

[1]    49 U.S.C. § 60129; 29 C.F.R. Part 1981 (2024).

[2]    603 U.S. 109 (2024).

under the Seventh Amendment."[3] Subsequently Respondent moved to amend its Petition for Interlocutory Review.

Pursuant to the authority delegated by the Secretary of Labor, the Board has "the discretionary authority to review interlocutory rulings in exceptional circumstances, provided such review is not prohibited by statute."[4] When determining whether to accept an interlocutory appeal, the Board follows the procedures described in 28 U.S.C. § 1292(b).[5] Consideration of requests for interlocutory review is essentially a two-step process: (1) the ALJ must certify that the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and (2) when those elements are met, the Board then exercises its unfettered discretion in deciding whether to accept or reject the petition for review.[6]

Respondent contends that, as required for interlocutory review, there is a controlling question of law as to which there is substantial ground for difference of opinion because "jurisdiction is always a controlling question of law."[7] Even if we were to accept this contention, the Board's authority to hear interlocutory appeals remains entirely discretionary.[8] And even assuming -- without deciding -- Respondent's appeal meets the § 1292(b) criteria, the nature of several of Respondent's arguments compels us not to exercise our discretion to suspend the proceedings below and accept the appeal at this time.

---

[3]     Order Granting Respondent's Expedited Motion for Order Permitting Appeal of Interlocutory Order at 4.

[4]     Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 85 Fed. Reg. 13,186 (Mar. 6, 2020).

[5]     *Berg v. Nicholas Servs., LLC*, ARB No. 2025-0027, ALJ No. 2023-AIR-00012, slip op. at 2 (ARB Jan. 31, 2025) (citing *Kim v. SK Hynix Memory Sols.*, ARB No. 2020-0020, ALJ No. 2019-SOX-00012, slip op. at 3-4 (ARB Jan. 28, 2020)).

[6]     *See Fagan v. Dep't of the Navy*, ARB No. 2023-0006, ALJ No. 2021-CER-00001, slip op. at 6 (ARB Apr. 6, 2023).

[7]     Motion for Leave to Amend Respondent's Petition for Interlocutory Review at 2.

[8]     *See, e.g., Berg*, ARB No. 2025-0027, slip op. at 3 (recognizing that that the Board exercises "unfettered discretion in deciding whether to accept or reject" a petition for interlocutory review."); *Fagan*, ARB No. 2023-0006, slip op. at 6 (recognizing that the Board's decision of whether to exercise its discretion to hear an interlocutory appeal is a prudential matter).

3

Before the ALJ, Respondent challenged the facial constitutionality of both the PSIA and the Department's regulations governing whistleblower proceedings. Respondent, for example, argued the PSIA itself is unconstitutional because it allows complainants, but not respondents, to kickout to federal district court in violation of the nondelegation doctrine.[9] Respondent likewise argued Complainant's claims are legal in nature and involve private rights, such that the Seventh Amendment and Article III of the Constitution require them to be tried in district court before a jury -- and the Department's regulations do not include a right to a jury trial.[10]

Even if we ultimately agreed with Respondents -- *although we categorically do not reach the merits of Respondent's arguments in denying this petition at this time* -- the Board would not appear to have the authority provide a remedy for these challenges. In a recent decision, we clarified that although the Board may consider as applied constitutional challenges, the Board "may not [ ] consider facial challenges to the 'legality of a regulatory provision or the constitutionality of a statutory provision[.]'"[11] Indeed, the Board has long held it does not have the power to pass on the constitutional validity of the statutes and regulations it administers.[12] And the plain language of the Secretary's delegation of authority confirms as much: "[t]he Board shall not have jurisdiction to pass on the validity of any portion of the Code of Federal Regulations that has been duly promulgated by the Department of Labor[.]"[13]

This limitation on the Board's authority to pass on the facial constitutionality of the statues and regulations it administers, and the broader prohibition against ruling on the validity of the Department's appropriately promulgated regulations,

---

[9]     Motion to Dismiss for Lack of Subject-Matter Jurisdiction at 15-16.

[10]     *Id.* at 4-5.

[11]     *Adm'r, Wage & Hour Div., U.S. Dep't of Lab. v. Next Level Sec. Serv., LLC*, ARB No. 2024-0028, ALJ No. 2021-FLS-00009, slip op. at 6 n.27 (ARB July 31, 2024).

[12]     *See, e.g.*, *Minthorne v. Virginia*, ARB No. 2009-0098, ALJ Nos. 2009-CAA-00004, -00006, slip op. at 8-9 (ARB July 19, 2011) (observing that "it would be inappropriate for the ARB to pass upon the constitutionality of the [Clean Air Act]. Thus we will presume the constitutionality of the act[.]"); *Adm'r, Wage & Hour Div., U.S. Dep't of Lab. v. Overdevest Nurseries, L.P.*, ARB No. 2016-0027, ALJ No. 2015-TAE-00008, slip op. at 15 (ARB Mar. 15, 2018) (recognizing that a challenge to the validity of a regulation "is not properly before the Board.").

[13]     Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 85 Fed. Reg. 13,186 (Mar. 6, 2020).

persuades us this is not the truly exceptional case that warrants ignoring our general practice not to accept piecemeal appeals and to reserve judgment on these issues until (and if) they reach us through the normal course of litigation.[14]

Accordingly, we **GRANT** Respondent's Motion for Leave to Amend and **DENY** Respondent's Petition for Interlocutory Review.

**SO ORDERED.**

**IVEY S. WARREN**
**Administrative Appeals Judge**

**JONATHAN ROLFE**
**Administrative Appeals Judge**

---

[14]     *See Gunther v. Deltek, Inc.*, ARB Nos. 2012-0097, -0099, ALJ No. 2010-SOX-00049, slip op. at 2 (ARB Sept. 11, 2012) ("[T]he Secretary of Labor and the Board have held many times that interlocutory appeals are generally disfavored and that there is a strong policy against piecemeal appeals.") (citations omitted).

# CERTIFICATE OF SERVICE

ARB-2025-0033 Andrew Wyderka v. Energy Transfer Co. dba Sunoco Logistics (Case No: 2023-PSI-00001)

I certify that the parties below were served this day.

___02/24/2025___
(DATE)

_____
Young Joo "Kristen" Chung, Esq.
Clerk of the Appellate Boards

Andrew Wyderka
17800 Duncan Lane
Aurora, IN 47001
--Electronic

Jennifer S Brand
200 Constitution Ave NW
Washington, DC 20210
--Electronic

Kara Maciel, Thompson
5335 Wisconsin Ave. NW, Suite 660
Washington, DC 20015
--Electronic

Mark Henry Ishu
Conn Maciel Carey, LLP
53 W. Jackson Boulevard, Suite 1352
Chicago, IL 60604
--Electronic

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of the Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC 20001-8002

Assistant Secretary, Occupational Safety and Health
Administration (OSHA)
U.S. Department of Labor
200 Constitution Ave, NW
Room: S-2315
Washington, DC 20210
--Electronic

Office of the Solicitor, Division of Fair Labor
Standards
200 Constitution Ave, NW
Room N-2716
Washington, DC 20210
--Electronic

U.S. Department of Labor, Office of Administrative
Law Judges
200 Constitution Avenue, N.W.
Room S-4325
Washington, DC 20210
--Electronic

# EXHIBIT 4

**U.S. Department of Labor**

Occupational Safety and Health Administration
Atlanta Regional Office
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW, Room 6T50
Atlanta, Georgia 30303



January 3, 2023

Energy Transfer Company DBA Sunoco Logistics
ATTN: Mr. Richard Diaz
4910 Lima burg Road
Burlington KY
Richard.Diaz@energytransfer.com

Re: Energy Transfer (dba Sunoco Logistics) / Wyderka / 4-1221-22-046

Dear Mr. Diaz:

The complaint in the above-captioned matter has been dismissed by this office. However, the complainant is afforded the opportunity to file an appeal of this dismissal with the U.S. Department of Labor - OSHA, Directorate of Whistleblower Protection Programs, in Washington, DC, within 15 calendar days of receipt of the dismissal Secretary's Findings. If no appeal action is taken by the complainant, this case will be considered closed.

If at any time you have any questions or require any information regarding employee rights and employer responsibilities under Section 11(c) of the Occupational Safety and Health Act, please feel free to contact this office by mail or telephone.

Sincerely,

ALFREDO
RODRIGUEZ
Alfredo Rodriguez
Regional Supervisory Investigator

Digitally signed by
ALFREDO RODRIGUEZ

Enclosure: Copy of Secretary's Findings

# EXHIBIT 5

# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### Washington, DC

_____

**Issue Date: 16 February 2023**

OALJ Case No:  2023-PSI-00001
OSHA Case No.: 4-1221-22-046

*In the Matter of:*

**ANDREW WYDERKA**,
    *Complainant*,

    *v.*

**ENERGY TRANSFER COMPANY,**
**d/b/a/ SUNOCO LOGISTICS,**
    *Respondent.*

## NOTICE OF DOCKETING

This matter arises under the employee protection provisions of the Pipeline Safety Improvement Act of 2002 ("PSIA"), 49 U.S.C. § 60129, and the implementing regulations at 29 C.F.R. Part 1981.  Complainant is appealing a final determination letter issued by the Occupational Safety and Health Administration on January 3, 2023 dismissing a May 18, 2022 complaint alleging Respondent retaliated against him in violation of the PSIA when he was discharged on January 6, 2022 in retaliation for reporting pipeline safety and security concerns. The Office of Administrative Law Judges ("OALJ") docketed the above-referenced case on February 1, 2023.  It is not yet assigned to a presiding administrative law judge ("ALJ").  A Notice of Hearing and Prehearing Order will be sent to the parties once the matter is assigned to an ALJ. You may track the progress of the case using the Case Status Lookup feature on the OALJ website at https://www.dol.gov/agencies/oalj. Until the case is assigned to a presiding ALJ, questions may be addressed to law clerk Melina Oliverio at 202-693-7422 or oliverio.melina.t@dol.gov.

Parties are encouraged to efile with OALJ using either OALJ's e-mail e-filing system described at www.dol.gov/agencies/oalj/filing_by_email or DOL's eFile/eServe System ("EFS") at https://www.dol.gov/agencies/oalj/EFS.

In the meantime, if the case is referred for possible mediation or you wish to request mediation or information on the Alternative Dispute Resolution program, the website contains the appropriate forms as well as contact information at https://www.dol.gov/agencies/oalj/topics/information/SETTLEMENT_JUDGE.

In addition to any of the rules set forth in the statute or implementing regulations governing this case type, the OALJ Rules of Practice and Procedure apply and can be found on the OALJ website at https://www.dol.gov/agencies/oalj/topics/libraries/LIBRULES.   Unless an exemption applies, the parties are required to make initial disclosures within 21 days of the date of this notice without awaiting a discovery request or discovery order.  *See* 29 C.F.R. § 18.50(c)(1).  The initial disclosures need not be filed with this office.

**SO ORDERED.**



Digitally signed by STEPHEN R.
HENLEY
DN: CN=STEPHEN R. HENLEY,
OU=ADMINISTRATIVE LAW JUDGE,
O=US DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

**STEPHEN R. HENLEY**
Chief Administrative Law Judge

**SERVICE SHEET**

Case Name:  **Wyderka_v_Energy_Transfer_dba__**

Case Number: **2023PSI00001**

Document Title: **NOTICE OF DOCKETING**

I hereby certify that a copy of the above-referenced document was sent to the following this 16th day of February, 2023:



Digitally signed by Mintha Dowtin
DN: CN=Mintha Dowtin, OU=Paralegal
Specialist, O=US DOL Office of
Administrative Law Judges, L=Washington,
S=DC, C=US
Location: Washington DC

**Mintha Dowtin**
Paralegal Specialist

Andrew Wyderka
andrusite@gmail.com
AURORA IN 47001
        *{Electronic - Regular Email}*

Richard Diaz, Esq.
Richard.diaz@energytransfer.com
Chief Counsel
Energy Transfer Co.
dba Sunoco Logistics
4910 Limaburg Road
BURLINGTON, KY 41005
        *{Electronic - Regular Email}*

# EXHIBIT 6

# UNITED STATES DEPARTMENT OF LABOR

## OFFICE OF ADMINISTRATIVE LAW JUDGES

### Cincinnati, Ohio
_____

Issue Date: 25 January 2024

OALJ Case No.: 2023-PSI-00001
OSHA Case No.: 4-1221-22-046

In the Matter of:

**ANDREW WYDERKA**,
　　　　Complainant,

　　　v.

**ENERGY TRANSFER COMPANY
d/b/a SUNOCO LOGISTICS**,
　　　　Respondent.

**ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY DISMISSAL**

This matter arises under the employee protection provisions of the Pipeline Safety Improvement Act of 2002 (PSIA), 49 U.S.C. § 60129, and the implementing regulations at 29 C.F.R. Part 1981. Proceedings will be conducted in accord with the Act, its implementing regulations, and the Rules of Practice and Procedure for Administrative Hearings Before the Office of Administrative Law Judges. 49 U.S.C. § 60129; 29 C.F.R. Part 1981; 29 C.F.R. Part 18.

**I. Procedural History**

Complainant filed a Complaint with the Occupational Safety and Health Administration (OSHA) on May 18, 2022, alleging that Respondent retaliated against them in violation of the PSIA. Complainant alleges that they were discharged on January 6, 2022 in retaliation for reporting pipeline safety and security concerns. OSHA dismissed Complainant's Complaint on January 3, 2023. On February 1, 2023, Complainant appealed the dismissal.

On December 7, 2023, Respondent filed a Motion for Summary Dismissal and Memorandum of Law in Support (Motion). Respondent argues that Complainant has not put forth facts to show that they engaged in protected activity prior to the date that Respondent made its decision to terminate them. *Motion* at 1, 3-4. It also argues that even if Complainant has put forth facts to survive summary decision as to their protected activity, Complainant has not put forth facts to show that Respondent had knowledge of Complainant's protected activity or that their protected activity was a contributing factor in Respondent's decision to terminate. *Id.* at 1, 4-5. It also argues that even if Complainant can establish a prima facie case, summary decision should be granted in its favor because considering the facts, taken in the light most favorable to

Complainant, show that it would have taken the same adverse action even in the absence of the complainant's protected activity. *Id*. at 8-9. Respondent does not dispute that its termination of Complainant was an adverse action. *Id*. at 2.

On January 8, 2024, Complainant filed their Statement of Opposition to Motion for Summary Dismissal (Opposition). Complainant argues that they engaged in protected activity by communicating to their supervisor about "numerous issues of noncompliance or unsafe practices" both verbally and in writing.[1] *Opposition* ¶ 1.a, c. They argue that they attempted to contact "Ethics and Compliance" and that they informed others of this intent. *Id*. ¶ 1.d. and g. Complainant also argues that they documented these complaints and attempts.[2] *Id*.

Complainant is representing themself. Respondent is represented by counsel.

## II. Summary Decision Standard

Summary decision should be entered in favor of a party when "there is no genuine dispute as to any material fact and the movant is entitled to a decision as a matter of law." 29 C.F.R. § 18.72(a). Facts and argument in a summary decision motion should be viewed them in the light most favorable to the non-moving party. *Perkins v. Cavicchio Greenhouses, Inc.*, ARB No. 2022-0018, slip op. at 5, ALJ No. 2019-ACA-00005 (ARB Dec. 16, 2022); *Mansell v. Tenn. Valley Auth*., ARB No. 2020-0060, ALJ No. 2019-ERA-00010, slip op. at 3 (ARB May 12, 2022); *Micallef v. Harrah's Rincon Casino & Resort*, ARB No. 2016-0095, ALJ No. 2015-SOX-00025, slip op. at 3 (ARB July 5, 2018).

## III. Complainant's Prima Facie Case

Respondent does not dispute that its termination of Complainant is an adverse action. *Motion* at 2. It does, however, contest whether Complainant has put forth facts to show that they engaged in protected activity, that Respondent knew of their protected activity, or that their protected activity was a contributing factor in Respondent's decision to terminate them.

### a. Protected Activity

Respondent avers that the facts, taken in the light most favorable to Complainant, do not show that Complainant engaged in protected activity prior to the date that it determined to terminate them. *Motion* at 2, 3-4. Respondent argues that Complainant has put forth no facts

---

[1] Complainant argues that the noncompliance and unsafe practices "exposed MV and the Public to risk." *Opposition* at 1. Complainant does not define "MV," and I thus cannot consider any risk to this person or persons. In addition, while Complainant capitalizes "public," I do not understand that Complainant has defined public in some special way. I understand Complainant to be talking about the public at large.

[2] Complainant attached many photographs, text messages, and notes as exhibits to their Opposition. In order to find that the attached documentation supports Complainant's Opposition, I would first need to understand what these documents are and what they show. *See* 29 C.F.R. § 18.901(a) (documents must be authenticated) and (b) (providing examples of how to authenticate documents). Most of the documents are undated. Complainant is advised that they will need to authenticate documents in order to have them credited at hearing.

2

to show that they "provided any information to [Respondent] regarding a 'violation or an alleged violation' of pipeline safety law." *Id*. at 3.

Respondent admits that Complainant alleges that they told their supervisor "relief valves had not been tested and were out of compliance," but argues that this activity cannot serve as the basis for a PSIA whistleblower action, because this reporting was "directly within the scope of Complainant's job duties as Operations Manager" and because Complainant's reports did not allege "any violation of pipeline safety law."[3] *Id*.

Respondent admits that Complainant alleges that they "refused to perform work in April 2021 and May/June 2021, respectively, for alleged safety related issues," but it avers that this allegation is insufficient to survive summary decision, as Complainant has provided no corroborating evidence and as its own internal investigation shows that no such work refusal happened. *Motion* at 3-4.

Complainant argues that they engaged in protected activity when they reported to their supervisor that relief valves "required to be tested every twelve months not to exceed 15.5 months" had "never been tested, were unable to be tested, and [were] completely out of compliance." *Complaint* dated May 18, 2022 at Pt. 3; *see also* Exhibit A to Employer's *Motion* at 106 (Complainant raised issues "that exposed the company to liability for environmental incidents and for being out of compliance" and "millions of dollars in fines" could have been assessed against Respondent for the compliance failures reported).

Complainant also avers that they engaged in protected activity when they refused to work due to safety concerns. Exhibit A to *Motion* at 113-114. Complainant alleges that they refused to perform work twice and they told the employees working under them not to perform work on at least one occasion. *Id*. at 113-115.

An employee engages in protected activity when they provide information "relating to any violation or alleged violation of any order, regulation, or standard under the Pipeline Safety Improvement Act any other Federal law relating to pipeline safety" to their employer, or if they cause such information to be provided to their employer.[4] 49 USC § 60129(a)(1)(A); 29 CFR § 1981.102(b)(1). Respondent cites no law in support of its assertion that untested, out-of-compliance relief valves do not constitute a violation of pipeline safety law or its implicit assertion (since I must consider facts in the light most favorable to Complainant) that relief valves need not be tested or that its failure to test them does not constitute a violation. It's assertion that taking actions within the scope of a person's job duties cannot rise to the level of protected activity is, similarly, unsupported by case law.

---

[3] Respondent also states that it encouraged such reporting. *Motion* at 3.

[4] A complainant's belief must be a reasonable, good faith belief. *Rocha v. AHR Utility Corp.*, ARB CASE NO. 07-112, 2009 WL 1898237, * 6 (June 25, 2009).

3

Taking actions within the scope of a persons' job duties can rise to the level of protected activity. 49 U.S.C. § 60129(a)(1)(A) (a person who provides "information relating to any violation or alleged violation of any order, regulation, or standard under this chapter or any other Federal law relating to pipeline safety" to their employer engages in protected activity); *See also May v. AGL Services Co.*, ARB Case No. 2022-0015, 2023 WL 6799443, *4 (Sept. 14, 2023) (substantial evidence supported administrative law judge's finding that the complainant engaged in protected activity when they "questioned whether Respondent's Sensus AMI meters posed a fire risk."); *Leak v. Dominion Resources Svs., Inc.*, ARB Case Nos. 07-043, 07-051, 2009 WL 1542294, *6-7 (May 29, 2009) (complainant engaged in protected activity when they sent an internal memorandum stating that respondent did not have sufficient documentation to justify how it established the maximum allowable operating pressure for portions of its gas pipeline and then followed up with their supervisor as to their concerns). This is, thus, not a proper legal basis upon which summary decision may be granted.

As to Respondent's assertion that untested, out-of-compliance relief valves do not constitute a violation of pipeline safety law and its implicit assertion that relief valves need not be tested or that its failure to test them does not constitute a violation of an order, regulation, or standard under Chapter 601 of Title 49 or any other Federal law relating to pipeline safety, I note that a complainant does not have to prove that the allegedly illegal practice actually violated an order, regulation, or standard under Chapter 601 of Title 49 or any other Federal law relating to pipeline safety; they need only prove that they had a reasonable, good faith basis as to their belief that the practice was violative. 29 C.F.R. § 1981.102. Complainant asserts that Respondent was in violation of a requirement stating that relief valves were required to be tested every twelve months not to exceed 15.5 months. *Complaint*, Pt. 3. Complainant avers that Respondent was aware of their violation. *Opposition* ¶ 1.e. and f. Complainant does not state the basis for this belief, but given their years of experience, taking the evidence in the light most favorable to them, and noting that they are proceeding pro se, I cannot say that Complainant has failed to put forth facts sufficient to survive summary decision. Complainant should note, however, that they will be required to put forth additional facts to establish a prima facie case at hearing.

Finally, Respondent asserts that Complainant has not put forth facts sufficient to show that they refused to work due to safety concerns. *Motion* at 3-4. Respondent also argues their own, internal investigation failed to reveal any such work refusal. *Id.* at 4.

I must consider all facts in the light most favorable to Complainant for purposes of resolving this Motion; crediting Respondent's internal investigation over Complainant's assertion is thus something that I cannot do at this stage in the proceedings. *See Saban v. Morrison Knudsen*, ARB Case No. 03-143, 2005 WL 737923, *2 (Mar. 30, 2005) (summary decision is appropriate if, "upon review of the evidence in the light most favorable to the non-moving party" and "without weighing the evidence or determining the truth of the matters asserted," it can be determined that there is no genuine issue as to any material fact) (citing *Johnsen v. Houston Nana, Inc., JV*, ARB No. 00-064, ALJ No. 99-TSC-4, slip op. at 4, 2003 WL 244812 (ARB Feb. 10, 2003)). Refusal to work can be protected activity, provided that it is properly communicated

and based upon a reasonable and good faith belief that doing the work would be unlawful under a Federal law relating to pipeline safety." 29 C.F.R. § 1981.102(b)(2). As such, and in light of Complainant's assertion that they did refuse work they believed to be unsafe, I cannot grant summary decision to Respondent. *Motion*, Exhibit A at 113.

**b. Respondent's Knowledge of Complainant's Protected Activity**

In order to succeed in a whistleblower action, a Complainant must show that their employer knew about their protected activity prior to taking the adverse action. 29 CFR § 1981.104(b)(1)(ii). Respondent argues that even if Complainant survives summary decision as to engaging in protected activity, Complainant has not put forth facts to show that Respondent knew about Complainant's protected activity. *Motion* at 2, 4-5. It argues that even if Complainant did put forth facts to show they communicated their concerns regarding relief valve compliance to their supervisor, Victor Harrington, Harrington was not involved in the decision to terminate Complainant. *Motion* at 4-5. Respondent also argues that Complainant did not put forth facts to show that they communicated their concerns to anyone who was involved in that decision. *Motion* at 4-5.

To find that Respondent is entitled to summary decision on this issue, I would need to credit its assertion that Harrington was not involved in the decision to terminate Complainant and that Complainant did not communicate their complaints to anyone who was so involved. I must review evidence in the light most favorable to the non-moving party and may not weigh the evidence or determine the truth of the matters asserted. *Saban*, ARB Case No. 03-143, 2005 WL 737923, *2. I cannot credit Respondent's assertion at this point in the proceedings and I cannot grant summary decision in its favor on this basis.

**c. Contributing Factor**

Respondent argues that even if Complainant survives summary decision as to engaging in protected activity and Respondent's knowledge of it, Complainant has not put forth facts sufficient to show that Complainant's protected activity was a contributing factor in Respondent's termination. *Motion* at 2, 5-8. A complainant must show that their protected activity contributed to Respondent's adverse action. 29 CFR § 1981.104(b)(1)(iv). For purposes of a prima facie case, the protected activity will normally be considered a contributing factor "if the complaint shows that the adverse personnel action took place shortly after the protected activity." 29 CFR 1981.104(b)(2).

Respondent asserts that there is no temporal proximity between the date upon which Respondent was overheard stating that they were going to make a complaint to the Office of Ethics Compliance and Complainant's termination because it made the decision to terminate Complainant prior to the date Complainant claims to have been overheard. *Motion* at 6. Respondent also argues that Complainant's compliant to Supervisor Harrington is too attenuated to show causation, as it was made six to eight months prior to Complainant's termination. *Id*. at 6-7.

5

Complainant asserts that they were "[u]ltimately terminated after [their] supervisor overheard a conversation about me contacting [the Pipeline and Hazardous Materials Safety Administration] and internal investigators to report violations of pipeline safety laws." *Complaint* dated May 18, 2022 at Pt. 3. Complainant also argues that Harrison was not the only person how overheard this conversation or the only person informed of their safety valve concerns. *Complainant's Interrogatory Responses* at 3, 5. Complainant also avers that their protected activity caused Respondent embarrassment and financial harm and they argue that this assists them in showing that their protected activity was a contributing factor in Respondent's decision to terminate. *Opposition* ¶ 4.b through d.

Given the disputed facts regarding the timeline of Complainant's termination, I would need to credit Respondent's assertions over those of Complainant's in order to grant summary decision on this basis, and that I cannot do. Respondent is thus not entitled to summary decision on this basis.

### III. Respondent's Rebuttal

An employer can rebut a whistleblower's prima facie case by showing that it would have taken the same adverse action in the absence of the complainant's protected activity. 49 USC § 60129(b)(2)(B)(ii), (iv); 29 CFR § 1981.104(c), 1981.109(a). Respondent must ultimately make this showing "by convincing evidence" 49 USC § 60129(b)(2)(B)(ii); 29 CFR 1981.104(c).

Respondent finally argues that I should grant summary decision in its favor even if Complainant can survive summary decision as to their prima facie case because the uncontroverted facts show that it terminated Complainant due to poor job performance, not because of any protected activity in which Complainant might have engaged. *Motion* at 2, 8-9.

Complainant avers that they were terminated for engaging in protected activity and they have set forth facts in support of this assertion. *Complaint* dated May 18, 2022; *Opposition* ¶¶ 4.e. and f., 6.1. Again, I must consider all facts in the light most favorable to Complainant for purposes of resolving Respondent's Motion. As such, I am not permitted to find that Respondent's averments are more persuasive than those of Complainant and I cannot find that summary decision should be granted in Respondent's favor on this basis.

### IV. Conclusion

In reviewing a motion for summary decision, evidence must be considered in the light most favorable to the non-moving party. I may not weigh the evidence or determine the truth of the matters asserted. Given this standard, I cannot find that Respondent is entitled to summary decision. Respondent's Motion is **DENIED**.

Complainant is advised, however, that they will face a higher burden of proof at hearing. In deciding Respondent's Motion, I was required to consider all the facts in the light most favorable to Complainant and I was not permitted to credit Respondent's assertions over those of Respondent. Complainant will not be afforded such consideration at hearing.

6

**V. Remaining Deadlines**
The following deadlines remain:

**Hearing**. This matter will proceed to hearing February 27 through 29, 2024. *Amended Notice of Hearing* dated October 20, 2023.

**7.[5] Other Motions**, including evidentiary and non-dispositive trial motions, will be filed **no later than January 29, 2024** so as to provide time for a fulsome response by the opposing party and pretrial ruling. 29 C.F.R. § 18.33(c). Motions filed close to this deadline may be taken under advisement and may be ruled upon hearing.

**8. Prehearing Submissions** are due **on or before February 7, 2024**. Prehearing statements must be exchanged electronically, with a copy to the Tribunal. 29 C.F.R. § 18.80. The Tribunal will not accept documents at hearing. **In addition to the items required by 29 C.F.R. § 18.80(c)**, the prehearing submissions must contain:
a. A brief summary of the **testimony each witness** is expected to present. This can be as short as one sentence.
b. The **exhibits** the parties expect to introduce into evidence at hearing. 29 C.F.R. § 18.82. Each exhibit must be electronic (not paper), numbered, and named such that the exhibit number is clear. Each exhibit must be transmitted as its own .pdf, and each party must provide an exhibit list. Where an exhibit is too large to be exchanged via email, the offering party may send a link from which the file may be downloaded. Exhibits in excess of twenty-five pages must be accompanied by a written summary, with pinpoint citations and/or bookmarks to specific pages that the party expects to use at hearing. Documents that are not clearly legible may be given little weight. The Tribunal will **not** take custody of exhibits at the time of the hearing.

**9. Objections to Witnesses and/or Exhibits** are due **no later than February 19, 2024**. Objections must explain the bases for the objection and must also provide citation to facts and law in support. The Tribunal may take such objections under advisement and rule upon them at the hearing.

It is **SO ORDERED:**



Digitally signed by Willow Fort
DN: CN=Willow fort, OU=Administrative
Law Judge, O=US DOL Office of
Administrative Law Judges, L=Cincinnati,
S=OH, C=US
Location: Cincinnati OH

WILLOW EDEN FORT
Administrative Law Judge

---

[5] I have retained the paragraph numbering set forth in the October 20, 2023 Amended Prehearing Order.

# SERVICE SHEET

Case Name:  **Wyderka_v_Energy_Transfer_dba__**

Case Number: **2023PSI00001**

Document Title: **ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY DISMISSAL**

I hereby certify that a copy of the above-referenced document was sent to the following this 25th day of January, 2024:

 Digitally signed by LINDA S TIERNEY
DN: CN=Linda S Tierney, OU=Legal
Assistant, O=US DOL Office of
Administrative Law Judges, L=Cincinnati,
S=OH, C=US
Location: Cincinnati OH

**LINDA S TIERNEY**
Paralegal Specialist

Richard Diaz, Esq.
Richard.diaz@energytransfer.com
Chief Counsel
Energy Transfer Co.
dba Sunoco Logistics
4910 Limaburg Road
BURLINGTON, KY 41005
        *{Electronic - Regular Email}*

Andrew Wyderka
andrusite@gmail.com
17800 Duncan Lane
AURORA IN 47001
        *{Electronic - Regular Email}*

Kara Maciel, Thompson
kmaciel@connmaciel.com
Conn Maciel Carey LLP
5335 Wisconsin Ave. NW, Suite 660
WASHINGTON DC 20015
        *{Electronic - Regular Email}*

# EXHIBIT 7

**UNITED STATES DEPARTMENT OF LABOR**
**OFFICE OF ADMINISTRATIVE LAW JUDGES**

| | |
|---|---|
| IN THE MATTER OF:<br><br>**ANDREW WYDERKA**,<br>         Complainant,<br><br>         v.<br><br>**ENERGY TRANSFER d/b/a SUNOCO LOGISTICS**,<br>         Respondent. | Case No. 2023-PSI-00001 |

<u>**RESPONDENT SUNOCO LOGISTICS PARTNERS GP, LLC'S REQUEST FOR EMERGENCY CONFERENCE CALL TO MOVE FOR AMENDED BRIEFING SCHEDULE**</u>

Respondent, Energy Transfer d/b/a Sunoco Logistics Partners GP, LLC ("Respondent" or "Energy Transfer"), submits this request for an emergency conference call to discuss an amended briefing schedule because Energy Transfer plans on filing a motion to dismiss Complainant's action for lack of subject matter jurisdiction and requests leave to file an amended answer to assert new affirmative defenses.

In support of this request, Respondent states as follows:

1. This matter arises under the whistleblower protections of the Pipeline Safety Improvement Act of 2002 ("PSIA"), 49 U.S.C. § 60129.  The case is set for a remote hearing on November 12, 2024 and the current briefing schedule requires all evidentiary and non-dispositive motions to be filed by October 12, 2024.

2. On June 27, 2024, the U.S. Supreme Court issued its decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024) ("*Jarkesy II*") in which it held, *inter alia*, that an administrative action – including statutory actions under a federal agency's enforcement proceedings - which deprives a party's constitutional right to a jury trial

1

guaranteed by the Seventh Amendment is unconstitutional.

3. The Supreme Court's ruling in *Jarkesy II* provides Energy Transfer with several legal arguments demonstrating this Tribunal lacks subject matter jurisdiction to adjudicate Complainant's case.

4. First, Complainant's claims before this Tribunal are legal in nature, seeking damages for backpay and other relief, and are closely analogous to common-law wrongful-discharge actions. The pending action and hearing scheduled for November 12, 2024 denies Energy Transfer its constitutional right to a jury trial.

5. Second, separate from the Seventh Amendment right to a jury trial, Complainant's claims implicate private rights (*e.g.*, the employment relationship between him and Energy Transfer and Energy Transfer's right to terminate his employment placed in direct issue by Complainant's claims for damages), that must be adjudicated in an Article III court. Adjudicating those rights in an Article I tribunal violates Article III and the separation of powers vesting the judicial power exclusively in the judicial branch.

6. Third, the PSIA statutory scheme accords Complainant, a private litigant, power to kick out his claims to an Article III court and elect a jury trial, but without providing any standard to curb or even guide his discretion. *See* 49 U.S.C. § 60129 (b)(3)(D). Complainant may even do so after an adverse ruling by this Tribunal. *Id.* By delegating unfettered legislative power to an individual litigant to decide whether his claims should be tried before an Article I Administrative Law Judge ("ALJ") or an Article III court with the right to a jury trial and full due-process protections unavailable in the Office of Administrative Law Judges ("OALJ"),

PSIA violates the nondelegation doctrine of the constitutional separation of powers. *See Jarkesy v. SEC*, 34 F.4th 446, 459-63 (5th Cir. 2022) ("*Jarkesy I*"), *aff'd and remanded*, 144 S. Ct. 2117 (2024).

7.  Fourth, OALJ's ALJs are unconstitutionally shielded from presidential oversight mandated by the Take Care Clause, U.S. Const. art. II, sec. 2, because they are doubly insulated from the presidential removal power: they can be removed only for cause and only by the Merit Systems Protection Board ("MSPB"), whose members can be removed only for cause by the President. In *Jarkesy I*, the U.S. Court of Appeals for the Fifth Circuit held that such double insulation is unconstitutional. *See Jarkesy I*, 34 F.4th at 463-65.

8.  In light of the recent decision in *Jarkesy II*, Energy Transfer intends on moving to dismiss this action for lack of subject-matter jurisdiction and also will move for leave to amend its answer to assert affirmative defenses.

9.  Accordingly, Energy Transfer requests that the Tribunal immediately schedule a conference call to discuss a briefing schedule for the motion and issue a temporary stay of all deadlines pending a ruling on its motion.

Dated: October 7, 2024                    Respectfully submitted,

                                          ___/s/ Kara M. Maciel_____
                                          Kara M. Maciel
                                          Mark H. Ishu
                                          Conn Maciel Carey LLP
                                          5335 Wisconsin Avenue, NW, Suite 660
                                          Washington, D.C. 20015
                                          Telephone: (202) 909-2730
                                          E-mail: kmaciel@connmaciel.com

                                          *Counsel for Respondent*
                                          *Sunoco Logistics Partners GP, LLC*

3

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing Respondent Sunoco Logistics Partners GP LLC's First Request for Emergency Conference Call to Move for Amended Briefing Schedule was served on October 7, 2024, by email on the following:

Andrew Wyderka
17900 Duncan Lane
Aurora, Indiana 47001
andrusite@gmail.com

 /s/ Kara M. Maciel
Conn Maciel Carey LLP

4

# EXHIBIT 8

## UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| **IN THE MATTER OF:** | |
| **ANDREW WYDERKA**, | |
| Complainant, | **Case No.** 2023-PSI-00001 |
| *v.* | |
| **ENERGY TRANSFER d/b/a SUNOCO LOGISTICS**, | |
| Respondent. | |

## RESPONDENT SUNOCO LOGISTICS PARTNERS GP, LLC'S
## EXPEDITED MOTION FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER

Respondent Energy Transfer d/b/a Sunoco Logistics Partners GP, LLC ("Energy Transfer") respectfully moves this tribunal to enter its Order pursuant to 28 U.S.C. § 1292(b) that, with respect to its denial of Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, the Memorandum and Order dated January 15, 2025, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that portion of the Order may materially advance the ultimate termination of the litigation.

1.      Section 1292(b) authorizes a tribunal to certify an otherwise non-appealable interlocutory order for immediate appellate review if two criteria are satisfied. First, the tribunal must certify that the interlocutory order involves a "controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). Second, the tribunal must also certify that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*

2.      Both these elements are easily satisfied as demonstrated by the briefs that were submitted by the parties and the Assistant Secretary of Labor for the Occupational Safety and Health as Amicus Curiae.

3.      First, the issue Respondent seeks to appeal is whether this Tribunal lacks jurisdiction to adjudicate this case based on the U.S. Supreme Court's recent holding in *SEC v. Jarkesy*, 144 S. Ct. 2117, 2127–28 (2024).   Jurisdiction is always a controlling question of law.  There is also a fundamental difference of legal opinion on whether Respondent is entitled under the Seventh Amendment to a jury trial in front of an Article III Judge to defend against Complainant's legal claims under the Pipeline Safety Improvement Act of 2002 (PSIA), 49 U.S.C. § 6012, instead of in front of an Administrative Law Judge at the U.S. Department of Labor,  an agency invested with both prosecutorial and judicial authority.

4.      Second, jurisdiction is a threshold issue that may immediately terminate this case.  Therefore, there is no doubt that an immediate appeal of this issue may materially advance this litigation.

5.      Justice requires that this novel issue be decided by the Administrative Review Board before Energy Transfer will further suffer immediate and irreparable harm.  *See* Respondent's Reply Brief, pp. 10-12.  This Tribunal will hold an evidentiary hearing this September that will set the factual record without Energy Transfer being afforded key discovery and evidentiary rights.

6.      The Respondent seeks to have this motion expedited on the basis that Respondent's interlocutory appeal is due 10 business days from January 15, 2025.  29 C.F.R. §18.42.

**Wherefore**, Respondent respectfully requests that Administrative Law Judge Fort certify the issue Respondent has presented for interlocutory review before the Administrative Review Board.

**Dated:** January 23, 2025

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Mark H. Ishu
Mark H. Ishu, Esq.
Kara M. Maciel, Esq.
Conn Maciel Carey LLP
5335 Wisconsin Avenue, NW, Suite 660
Washington, D.C. 20015
Telephone: (312) 868-0406
E-mail: mishu@connmaciel.com
*Counsel for Respondent*
*Sunoco Logistics Partners GP, LLC*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2025, a true and correct copy of the foregoing **RESPONDENT'S MOTION FOR APPEAL OF INTERLOCUTORY ORDER** was served on the following in the manner set forth below:

**BY E-FILING AT:**

The Office Of Administrative Law Judges Department's
Efile/Eserve System (EFS)

**BY ELECTRONIC MAIL:**

Andrew Wyderka
17900 Duncan Lane
Aurora, Indiana 47001
Email: andrusite@gmail.com

Joseph E. Aboud
Attorney
U.S. Department of Labor
200 Constitution Ave., N.W.
Room N-2716
Washington, D.C. 20210
Abboud.Joseph.E@dol.gov

/s/ Mark Ishu
*Counsel for Respondent*
*Sunoco Logistics Partners GP, LLC*

# EXHIBIT 9

**UNITED STATES DEPARTMENT OF LABOR**
**ADMINISTRATIVE REVIEW BOARD**

| | |
|---|---|
| IN THE MATTER OF:<br><br>**ANDREW WYDERKA**,<br><br>        Complainant,<br><br>        *v.*<br><br>**ENERGY TRANSFER d/b/a SUNOCO LOGISTICS**,<br><br>        Respondent. | **Case No.** 2023-PSI-00001 |

## RESPONDENT'S PETITION FOR INTERLOCUTORY REVIEW OF THE ADMINISTRATIVE LAW JUDGE'S ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to 29 C.F.R. § 1981.110(a), Respondent, Energy Transfer d/b/a Sunoco Logistics Partners GP, LLC (collectively, "Respondent" or "Energy Transfer"), respectfully submits this Petition for Interlocutory Review of the Administrative Law Judge's ("ALJ") January 15, 2025 Order ("Jan. 15, 2025 Order") denying Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Respondent's Motion"). As set forth herein, the Administrative Review Board ("Board") should direct review because the ALJ's decision raises an important question of law, policy, or discretion and the ALJ's decision is contrary to recent U.S. Supreme Court precedent pertaining to whether this body has subject matter jurisdiction to adjudicate the Complainant's whistleblower claim under the Pipeline Safety Improvement Act of 2002 (PSIA), 49 U.S.C. § 60129, and the implementing regulations at 29

1

C.F.R. pt. 1981. *See Jarkesy v. SEC*, 34 F.4th 446, 463–65 (5th Cir. 2022) ("*Jarkesy* I") (aff'd), and remanded, 144 S. Ct. 2117 (2024) ("*Jarkesy* II").

## I.     THE BOARD HAS JURISDICTION TO HEAR THIS INTERLOCUTORY APPEAL.

The Board is authorized to grant interlocutory orders in its discretion when exceptional circumstances warrant review of an Administrative Law Judge's order. Secretary's Order No. 01-2019, Secretary's Order, para. fi (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 84 Fed. Reg. 13072 (April 3, 2019) (delegating to the Board "discretionary authority to review interlocutory rulings in exceptional circumstances, provided such review is not prohibited by statute"). Interlocutory appeals are generally disfavored given the strong policy against piecemeal appeals. *Gunter v. Deltek, Inc.*, ARB Nos. 2012-0097, -0099, ALJ No. 2010-SOX-00049, slip op. at 2 (ARB Sept. 11, 2012) (citations omitted).  When a party seeks interlocutory review of an ALJ's non-final order, the Board has elected to look to the interlocutory review procedures used by federal courts, including providing for review under the Collateral Order Doctrine. *Powers v. Pinnacle Airlines*, Inc., ARB No. 2005-0138, ALJ No. 2005-SOX-00065, slip op. at 5-6 (ARB Oct. 31, 2005).

The circumstances here are exceptional.  First, this is a case of first impression. The outcome in this case could redefine the way in which PSIA cases and other similar whistleblower statutes are adjudicated.  Recognizing this serious implication, on November 25, 2024, the ALJ, *sua sponte,* issued an order asking Doug Parker, the Assistant Secretary of Labor for the Occupational Safety and Health Administration ("Assistant Secretary") at the

time,[1] to file a brief as Amicus Curiae in response to Respondent's Motion. On December 23, 2024, the Assistant Secretary filed its Amicus Brief. But the circumstances in support of the Board reviewing the ALJ's Jan. 15 Order do not stop there. Energy Transfer suffers irreparable constitutional harm every day its constitutional claims go unaddressed by this Tribunal as fully discussed in Respondent's Reply Brief in support of Respondent's Motion to Dismiss. *See* Respondent's Reply Brief, See Section IV.B., pp. 10-12. Considering *Jarkesy* I and II, the circumstances are ripe for this Tribunal to review the ALJ's Jan. 15 Order.

### A. The Board is authorized to hear this Petition under Section 1292(b).

Section 1292(b) authorizes the ALJ to certify an otherwise non-appealable interlocutory order for immediate appellate review if two criteria are satisfied. First, the tribunal must certify that the interlocutory order involves a "controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). Second, the tribunal must also certify that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* On January 23, 2025, Energy Transfer filed an expedited motion for the ALJ to certify Energy Transfer's interlocutory appeal of the Jan. 15 Order. To date, the judge has not issued an order certifying an appeal. If the ALJ chooses to grant Energy Transfer's motion request by certifying an appeal of her Jan 15. Order, the Board will have jurisdiction to hear this Petition for Interlocutory Review pursuant to Section 1292(b).

---

[1] As of January 20, 2025, the Assistant Secretary Doug Parker is no longer the Assistant Secretary of Labor for the Occupational Safety and Health Administration ("OSHA"). According to the Department of Labor's website, the Assistant Secretary position is currently vacant and Scott Ketcham, who was appointed on January 22, 2025, is the Deputy Assistant Secretary for OSHA.

**B. Alternatively, the Board is authorized to hear this Petition under the Collateral Order Doctrine.**

Alternatively, to his body may consider reviewing an interlocutory order that meets the "collateral order" exception, which applies if the appealed decision belongs to that "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Gulden v. Exxon Mobil Corp.*, ARB Case No. 2023-0050, ALJ Case Nos. 2023-SOX-00021, -00022, slip op. at 5-6 (ARB Feb. 29, 2024) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). To fall under this narrow exception, *all* the following elements must be satisfied:

> the moving party must establish that the order being appealed: (1) conclusively determined the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgement.

*Adm'r Wage & hour Div., U.S. Dep't of Lab. v. Goldstar Amusements, Inc.*, ARB No. 2022-0027, ALJ Nos. 2021-TNE-00027, -00028, slip op. at 5 (ARB Sept, 30, 2022). The Board has held that this exception must be "strictly construed" to assure "unnecessary protracte[d] litigation" is avoided. *Id.* (citations omitted). Even if all these elements are fully satisfied, the Board still has discretion to accept the interlocutory appeal.

Here, the elements of the collateral exception are satisfied. First, the issue Respondent is disputing and appealing is the ALJ's decision on the issue of whether she has jurisdiction to adjudicate this case based on the U.S. Supreme Court's recent holding in *SEC v. Jarkesy*, 144 S. Ct. 2117, 2127–28 (2024). There is also a fundamental difference of legal opinion on whether Respondent is entitled under the Seventh Amendment to a jury trial in

front of an Article III Judge to defend against Complainant's legal claims under PSIA, 49 U.S.C. § 6012, instead of in front of an ALJ from the U.S. Department of Labor, an agency invested with both prosecutorial and judicial authority. Jurisdiction is always a controlling question of law separate from the merits of the action. All these issues are effectively unreviewable because jurisdiction is a threshold issue that may immediately terminate this case and Energy Transfer will suffer immediate and irreparable harm if this issue is not ruled on now. This Tribunal will hold an evidentiary hearing this September that will set the factual record without Energy Transfer being afforded key discovery and evidentiary rights. The Assistant Secretary does not dispute that a loss of any constitutional right, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Axon Enter. v. FTC*, 598 U.S. 175, 191 (2023) (holding that the harm in being subjected to illegitimate proceedings is "impossible to remedy once the proceeding is over," and such review "would come too late to be meaningful"). If this Board waits until after the matter is fully heard to determine these issues, it will be too late, and the damage will already be done.

Therefore, justice requires that this novel issue be decided by the Board before Energy Transfer further suffers immediate and irreparable harm.

## II.    STATEMENT OF REASONS FOR WHICH EXCEPTIONS ARE TAKEN

The Jan. 15 Order raises important questions of law, policy, or discretion. Energy Transfer specifically takes exception with the following ALJ rulings in the Jan. 15 Order.

First, the Jan. 15 Order is contradictory on the ultimate issue in Energy Transfer's primary argument that the administrative tribunal is improper because it lacks authority to

hear constitutional challenges to the proceedings. The ALJ's Jan. 15 Order acknowledges "I do not have the power to decide that issue in the ultimate case." (Jan. 15 Order, p. 3), but goes on to hold that "[t]he law, as it currently exists, permits this Tribunal to hear this matter." *Id.*. These contrary holdings are just one example of why Energy Transfer should not be forced to litigate Complainant's claims in this Tribunal. This would not preclude Complainant from being able to pursue his full whistleblower rights in federal court if he chooses to do so.

Second, the Jan. 15 Order incorrectly holds that Energy Transfer's Seventh Amendment claim fails by narrowing the Supreme Court's decision in *SEC v. Jarkesy*, 603 U.S. 109 (2024). (Jan. 15 Order, p. 6). The ALJ's Jan. 15 Order interprets the Supreme Court's holding to mean that the Seventh Amendment applies ***only*** when the civil penalty being levied is punitive. On the contrary, the Supreme Court held that compensatory damages for lost wages "is all but dispositive." *Jarkesy*, 144 S. Ct. at 2129.  These "prototypical" legal remedies, which Complainant seeks in this action, entitle Energy Transfer to a jury trial. *Id.*

Third, the Jan. 15 Order erroneously holds that the public-rights exception applies to this proceeding, because PSIA's whistleblower protections are integrated into a regulatory scheme aimed at protecting life and property from pipeline transportation and pipeline facilities. *Id.* at 10. In the Jan. 15 Order, the ALJ cites multiple cases which held that similar whistleblower protection statutes fall under the public rights exception. *Id.* at 9. However, all of these cases were decided prior to *Jarkesy.* Despite the Supreme Court repeatedly calling into question the holdings of prior decisions regarding the public-rights exception, the ALJ's Jan. 15 Order fails to specify how *Jarkesy* impacts those holdings.

Fourth, the Jan. 15 Order improperly rejects Energy Transfer's removal argument with one sentence, citing a case from 1926 that fails to address Energy Transfer's

6

argument or account for the drastic change in law over recent years. *Id.* at 5. The Supreme Court held in 2010 that the Appointment Clause is violated if the President lacks the ability to discipline or replace such officers. *Free Enter. Fund v. Pub. Co. Acctg. Oversight Bd.,* 561 U.S. 477 (2010); *VHS Acquisition Subsidiary No. 7 v. National Labor Relations Board, et. al.* (NLRB ALJ's removal protections are unconstitutional under Supreme Court precedent in *Free Enterprise Fund*).  One layer of insulation from Presidential plenary power is acceptable, but, per *Free Enterprise Fund*, two layers is not because "the President is no longer the judge of the Board's conduct." *Id.* at 496; *see also Energy Transfer, LP v. NLRB*, No. 3:24-CV-198, 2024 WL 3571494, at *4 (S.D. Tex. July 29, 2024) (finding that the NLRB ALJs are unconstitutionally insulated from removal); *SpaceX v. NLRB*, No. W-24-CV-00203-ADA, 2024 WL 3512082, at *2 (W.D. Tex. July 23, 2024) (same). Since *Free Enter. Fund* was decided, the Supreme Court has decided other cases on point. See, *e.g., Lucia v. SEC*, 585 U.S. 237 (2018), *Jarkesy*, 144 S. Ct. 2117.  The Jan. 15 Order fails to address how any of the cases recently decided by the Supreme Court impacted the analysis of Energy Transfer's argument.

Lastly, the Jan. 15 Order fails to address Energy Transfer's non-delegation and Article III arguments.

### III.    PRAYER FOR RELEIF

For the foregoing reasons, Respondent Energy Transfer respectfully requests that the Board grant this petition and direct review of the Jan. 15, 2025 Order denying Respondent's Motion to Dismiss for a Lack of Subject Matter Jurisdiction, including the setting of a briefing schedule.

**Dated:** January 31, 2025

Respectfully submitted,

 /s/  Mark H. Ishu

Kara Maciel, Esq.
Mark H. Ishu, Esq.
Conn Maciel Carey LLP
5335 Wisconsin Avenue, NW, Suite 660
Washington, D.C. 20015
Telephone: (312) 868-0406
E-mail: mishu@connmaciel.com
*Counsel for Respondent*
*Sunoco Logistics Partners GP, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2025, a true and correct copy of the

foregoing **RESPONDENT'S PETITION FOR INTERLOCUTORY REVIEW** was served on the

following in the manner set forth below:

**BY E-FILING AT:**

The Administrative Review Board's
Efile/Eserve System (EFS)

**BY ELECTRONIC MAIL:**

Andrew Wyderka
17900 Duncan Lane
Aurora, Indiana 47001
andrusite@gmail.com

Joseph E. Aboud
Attorney
U.S. Department of Labor
Room N-2716
200 Constitution Ave., N.W.
Washington, D.C. 20210
Abboud.Joseph.E@dol.gov

Chief Administrative Law Judge Stephen Henley
OALJ-Headquarters-DC@dol.gov

Administrative Law Judge Willow Fort
OALJ-Cincinnati@dol.gov

**BY FIRST CLASS MAIL:**

Acting Assistant Secretary of Labor (OSHA)     Jennifer S. Brand
OSHA-Room: S2315                               Associate Solicitor
200 Constitution Ave., NW                      Division of Fair Labor Standards
Washington, DC 20210                           Room N-2716
                                               200 Constitution Ave., NW
                                               Washington, DC 20210


/s/ Mark Ishu
*Counsel for Respondent*
*Sunoco Logistics Partners GP, LLC*

# CERTIFICATE OF SERVICE

ARB-2025-0033 Andrew Wyderka v. Energy Transfer Co. dba Sunoco Logistics (Case No: 2023-PSI-00001)

I certify that the parties below were served this day.

_____02/03/2025_____
(DATE)

Young Joo "Kristen" Chung, Esq.
Clerk of the Appellate Boards

Andrew Wyderka
17800 Duncan Lane
Aurora, IN 47001
    --Electronic

Jennifer S Brand
200 Constitution Ave NW
Washington, DC 20210
    --Electronic

Kara Maciel, Thompson
5335 Wisconsin Ave. NW, Suite 660
Washington, DC 20015
    --Electronic

Mark Henry Ishu
Conn Maciel Carey, LLP
53 W. Jackson Boulevard, Suite 1352
Chicago, IL 60068
    --Electronic

Assistant Secretary, Occupational Safety and Health
Administration (OSHA)
U.S. Department of Labor
200 Constitution Ave, NW
Room: S-2315
Washington, DC 20210
    --Electronic

Office of the Solicitor, Division of Fair Labor
Standards
200 Constitution Ave, NW
Room N-2716
Washington, DC 20210
    --Electronic

U.S. Department of Labor, Office of Administrative
Law Judges
200 Constitution Avenue, N.W.
Room S-4325
Washington, DC 20210
    --Electronic

# EXHIBIT 10

# UNITED STATES DEPARTMENT OF LABOR

## OFFICE OF ADMINISTRATIVE LAW JUDGES

### Cincinnati, Ohio

_____

Issue Date: 11 February 2025

OALJ Case No. 2023-PSI-00001
OSHA Case No. 4-1221-22-046

In the Matter of:

**ANDREW WYDERKA**,
          Complainant,

          v.

**ENERGY TRANSFER COMPANY
d/b/a SUNOCO LOGISTICS**,
          Respondent.

**ORDER GRANTING RESPONDENT'S EXPEDITED MOTION FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER**

This matter arises under the employee protection provisions of the Pipeline Safety Improvement Act of 2002 (PSIA), 49 U.S.C. § 60129, and its implementing regulations at 29 C.F.R. Part 1981. Proceedings will be conducted in accord with the Administrative Procedures Act (APA), the PSIA and its implementing regulations, and the Rules of Practice and Procedure for Administrative Hearings Before the Office of Administrative Law Judges. 5 U.S.C. Chapter 5; 49 U.S.C. § 60129; 29 C.F.R. Part 1981; 29 C.F.R. Part 18. This case will be heard on September 9, 2025. *Second Amended Notice of Hearing* (Oct. 10, 2024). Prehearing submissions are due on or before August 20, 2025. *Second Amended Prehearing Order* ¶ 8 (Oct. 10, 2024).

**I. Background**

On November 21, 2024, Respondent filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Motion to Dismiss). Respondent argued that the Secretary of Labor could not render a final order in this matter and, instead, Complainant's action must be dismissed. *Motion to Dismiss*, generally. Respondent based their Motion to Dismiss upon the United States Supreme Court case of *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024), in large part. Complainant responded on November 22, 2024, and the Assistant Secretary of Labor for Occupational Safety and Health, which is always a party in PSIA whistleblower actions, responded on December 20, 2024[1] by filing a Brief for the Assistant Secretary of Labor for

_____

[1] The Assistant Secretary sought additional time in which to respond. *Assistant Secretary's Request for Extension to File Response Brief* (Dec. 3, 2024). Their request was granted. *Order Granting Assistant Secretary's Request for Extension to File Response Brief* (Jan. 2, 2025).

Occupational Safety and Health as Amicus Curae (Secretary's Response). 29 C.F.R. § 1981.108(a)(1). The Assistant Secretary argued that administrative law judges are bound to adjudicate claims in accord with existing law, and existing law does not demand dismissal.

On January 15, 2025, this Tribunal issued an Order Denying Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Order). On January 23, 2025, Respondent filed an Expedited Motion for Order Permitting Appeal of Interlocutory Order (Motion). Respondent asks that I "enter its Order pursuant to 28 U.S.C. § 1292(b) that, with respect to its denial of Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction."

Respondent did not state whether it conferred with Complainant or the Assistant Secretary prior to filing its Motion. 29 C.F.R. § 18.33(c)(3). I thus afforded the other parties fourteen days in which to respond. 29 C.F.R. § 18.33(d). Neither did so.[2]

## II. Order Granting Employer's Expedited Motion for Order Permitting Appeal of Interlocutory Order

The Administrative Review Board has the "discretionary authority to review interlocutory rulings in exceptional circumstances, provided such review is not prohibited by statute." *Secretary's Order 01-2020—Delegation of Authority and Assignment of Responsibility to the Administrative Review Board*, 85 Fed.Reg. 13186-01, 13187, 2020 WL 1065013 (Mar. 6, 2020); *See also* U.S. Secretary of Labor Eugene Scalia Signs First Secretary's Orders and Announces Department Management Decisions | U.S. Department of Labor (last viewed Jan. 30, 2025). The Board does not generally "accept petitions for review of an ALJ's non-final dispositions[,]" however, as interlocutory appeals are disfavored. *Heckman v. M3 Transport LLC/SLT Expressway, Inc.,* ARB No. 16-083, 2016 WL 7212571 at *1 (Nov. 10, 2016).

### a. Procedure

Appeals from the findings of a Department of Labor Administrative Law Judge are heard by the Administrative Review Board. 29 C.F.R. §§ 1981.109(c), 1981.110(a). The Administrative Review Board has adopted the procedure used by federal district courts when certifying interlocutory questions for appeal. *Plumley v. Federal Bureau of Prisons*, 86-CAA-6 (July 20, 1987). In federal district court, interlocutory appeals must pass through a "dual gatekeeper system for interlocutory appeals: both the district court and the court of appeals must agree that the case is a proper candidate for immediate review before the normal rule requiring a final judgment will be overridden." *In re Ford Motor Co., Bridgestone/ Firestone North American Tire, LLC*, 344 F.3d 648, 654 (Sept. 12, 2003). In administrative proceedings before a Department of Labor

---

[2] Complainant late-filed a Motion Opposing ARB Review and Dismissal for SMJ (Opposition) on February 10, 2025. Complainant does not explain what good cause prohibited him from timely filing an opposition. In addition, Complainant's Opposition looks to have been prepared with the assistance of a large language model, such as Chat GPT; It is largely incomprehensible. Use of a large language model is not prohibited, but a party using such assistance has a duty to ensure that the result generated is sensical. Complainant's Opposition is largely incomprehensible. I understand it to oppose Employer's Motion, but it is difficult to understand beyond that.

administrative law judge, the administrative law judge and the Administrative Review Board must agree that immediate review is necessary. *Plumley*, Supra.

### b. Standard

To determine whether it should exercise its discretion to take up an interlocutory review, the Administrative Review Board will look to see whether there is a "controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal would materially advance the ultimate termination of the litigation." *Heckman*, ARB No. 16-083, 2016 WL 7212571 at * 1 (citing 28 U.S.C. § 1292(b)). The Administrative Review Board thus recognizes that interlocutory appeals are not designed "merely to provide review of difficult rulings in hard cases'" and, as such should only be permitted "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.'" *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (reviewing legislative history of 28 U.S.C. § 1292(b)). Where granting interlocutory appeal would serve to prolong litigation, instead of advancing the resolution of a matter, interlocutory appeal should generally not be permitted. 28 U.S.C. § 1292(b).

### c. Controlling Law

Appeals from the Administrative Review Board are heard "in the United States Court of Appeals for the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the violation." 29 C.F.R. § 1981.112(a). As was discussed in the Order Denying Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Order), Claimant appears to reside in Illinois, which lies in the Seventh Circuit, and he appears to have been terminated within the Sixth Circuit. *See Complaint* at 2; *Respondent Sunoco Logistics Partners GP, LLC's Motion for Summary Dismissal and Memorandum of Law in Support* and supporting Exhibits (Dec. 7, 2023). It thus appears that the law of the Sixth or Seventh Circuits should govern this matter.

In the Sixth Circuit, "[t]he resolution of an issue need not necessarily terminate an action" or "have precedential value for a number of pending cases" to be controlling. *In re Baker & Getty Fin. Serv., Inc.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2nd Cir. 1990), *vacated on other grounds by,* 937 F.2d 44 (1991)). "Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Serv., Inc.*, 954 F.2d at n. 8 (citing *Arizona v. Ideal Basic Indus.* (*In re Cement Antitrust Litigation* ), 673 F.2d 1020, 1026 (9th Cir. 1981)).

The Seventh Circuit asks whether the issue is purely legal and would "affect the future course of litigation[,]" whether the issue is "contestable," and whether its resolution "promises to speed up the litigation." *Boone v. Illinois Dep't of Corrections*, 71 F.4th 622, 626-627 (7th Cir. 2023); *see also Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

3

**d. Order Granting Respondent's Expedited Motion for Order Permitting Appeal of Interlocutory Order**

Employer's Motion to Dismiss argues that the portions of the PSIA providing for an administrative hearing are unconstitutional, given the United States Supreme Court's decision in *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024). *See Respondent's Motion to Dismiss*, generally. Respondent does not aver that the PSIA's whistleblower provisions are substantively invalid; it only takes issue with the venue in which such matters are heard, as administrative law judges cannot hold jury trials. 29 C.F.R. Part 1981; 5 U.S.C. §§ 556 (discussing administrative hearing procedure under the Administrative Procedure Act). 706 (setting forth the scope of review permitted under the Administrative Procedure Act).

I am bound to follow the law as it presently exists. 5 U.S.C. §§ 556(e), 557(c)(3)(A);  29 C.F.R. §§ 1981.106(a), 1981.107(b). The law, as it presently exists, does not entitle Respondent to a jury trial in this matter. *See Order Denying Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction*(Jan. 15, 2025). Whether the portion of existing law providing for administrative procedures before issuance of a final agency decision is unconstitutional, however, is an issue I do not have the power to decide. 5 U.S.C. §§ 556(e), 557(c)(3)(A);  29 C.F.R. §§ 1981.106(a), 1981.107(b).

If the parties fully litigate this matter before this Tribunal and it is later determined that Respondent was entitled to a jury trial, the parties will be forced to relitigate the case before a jury in a federal district court. I thus find that Respondent is seeking clarity on a legal issue that has implications beyond this case, and which does not depend on an analysis of the facts of this case. The issue is also one which will affect the future course of litigation.

The issue is also contestable, as the Assistant Secretary and Complainant wish the Department of Labor to engage in administrative proceedings before issuing its final agency decision, whereas Respondent does not. *See Respondent's Motion to Dismiss*; *Complainant's Response* (Nov. 22, 2024); *Secretary's Response*. I cannot, however, say that certification promises to speed up litigation.

Respondent's Request is **GRANTED**. The issue of whether Respondent is entitled to a jury trial under the Seventh Amendment is certified to the Administrative Review Board for consideration pursuant to Respondent's Motion. I **ORDER** Respondent to serve a copy of this order promptly on the Administrative Review Board. The parties must contact the Administrative Review Board for additional instructions on how to proceed.

This matter remains set for hearing on September 9, 2025. The deadlines remain as set forth in the October 10, 2024 Amended Prehearing Order.

4

It is **SO ORDERED:**



Digitally signed by Willow Fort
DN: CN=Willow Fort, OU=Administrative
Law Judge, O=US DOL Office of
Administrative Law Judges, L=Cincinnati,
S=OH, C=US
Location: Cincinnati OH

WILLOW EDEN FORT
Administrative Law Judge

5

## SERVICE SHEET

Case Name:  **Wyderka_v_Energy_Transfer_dba__**

Case Number: **2023PSI00001**

Document Title: **ORDER GRANTING RESPONDENT'S EXPEDITED MOTION FOR ORDER PERMITTING APPEAL OF INTERLOCUTORY ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 11th day of February, 2025:



Digitally signed by LINDA S TIERNEY
DN: CN=LINDA S TIERNEY, OU=Paralegal
Specialist, O=US DOL Office of
Administrative Law Judges, L=Cincinnati,
S=OH, C=US
Location: Cincinnati OH

**LINDA S TIERNEY**
Paralegal Specialist

OSHA-Region 5 Regional Administrator
Regional Administrator
Region 5
U. S. Department of Labor, OSHA
Room 3244
230 South Dearborn Street
CHICAGO IL 60604
    *{Electronic - Regular Email}*

OSHA, Whistlebl Director
OSHA.DWPP@dol.gov
Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
    *{Electronic - Regular Email}*

Richard Diaz, Esq.
Richard.diaz@energytransfer.com
Chief Counsel
Energy Transfer Co.
dba Sunoco Logistics
4910 Limaburg Road
BURLINGTON, KY 41005
    *{Electronic - Regular Email}*

Andrew Wyderka
andrusite@gmail.com
17800 Duncan Lane
AURORA IN 47001
    *{Electronic - Regular Email}*

Kara Maciel, Thompson
kmaciel@connmaciel.com
Conn Maciel Carey LLP
5335 Wisconsin Ave. NW, Suite 660
WASHINGTON DC 20015
    *{Electronic - Regular Email}*

**SERVICE SHEET** continued (2023PSI00001 Order)        Page: 2

Mark Ishu
mishu@connmaciel.com
Conn Maciel Carey LLP
Conn Maciel Carey, LLP
53 W. Jackson Boulevard, Suite 1352
CHICAGO IL 60068
        *{Electronic - Regular Email}*

Rachel Graeber
Graeber.Rachel@dol.gov
61 Forsyyth Street, S.W. Room 7T10
ATLANTA GA 30303
        *{Electronic - Regular Email}*

Joseph Abdoud
aboud.joseph.e@dol.gov
200 Constitution Ave NW
WASHINGTON DC DC 20210
        *{Electronic - Regular Email}*

Joseph Abboud
abboud.joseph.e@dol.gov
Office of the Solicitor, Fair Labor Standards (F
200 Constitution Ave N.W.
Room N-2716
WASHINGTON DC 20210
        *{Electronic - Regular Email}*

Sarah Roberts
U.S. Department of Labor, Office of the Solicito
200 Constitution Avenue NW, Room N-2716
WASHINGTON DC 20210
        *{Electronic - Regular Email}*

# EXHIBIT 11

**U.S. Department of Labor**    Administrative Review Board
200 Constitution Ave. NW
Washington, DC 20210-0001



IN THE MATTER OF:

ANDREW WYDERKA,    ARB CASE NO. 2025-0033

    COMPLAINANT,    ALJ CASE NO. 2023-PSI-00001
ALJ WILLOW EDEN FORT

    v.    DATE: February 24, 2025

ENERGY TRANSFER d/b/a SUNOCO
LOGISTICS,

    RESPONDENT.

Before WARREN, Administrative Appeals Judge, and ROLFE,
Administrative Appeals Judge

### DECISION AND ORDER DENYING INTERLOCUTORY APPEAL

PER CURIAM:

This matter arises under the Pipeline Safety Improvement Act of 2002 (PSIA) and its implementing regulations.[1] While this case was pending before Administrative Law Judge (ALJ) Willow Eden Fort, Energy Transfer (Respondent) filed a Motion to Dismiss, alleging that the ALJ lacked subject-matter jurisdiction under *SEC v. Jarkesy*.[2] On January 15, 2025, the ALJ denied Respondent's Motion to Dismiss. On January 31, 2025, Respondent filed a Petition for Interlocutory Review requesting that the Administrative Review Board (Board) review the ALJ's denial of Respondent's Motion to Dismiss. On February 11, 2025, the ALJ certified, at Respondent's request, the "issue of whether Respondent is entitled to a jury trial

---

[1]    49 U.S.C. § 60129; 29 C.F.R. Part 1981 (2024).

[2]    603 U.S. 109 (2024).

under the Seventh Amendment."[3] Subsequently Respondent moved to amend its Petition for Interlocutory Review.

Pursuant to the authority delegated by the Secretary of Labor, the Board has "the discretionary authority to review interlocutory rulings in exceptional circumstances, provided such review is not prohibited by statute."[4] When determining whether to accept an interlocutory appeal, the Board follows the procedures described in 28 U.S.C. § 1292(b).[5] Consideration of requests for interlocutory review is essentially a two-step process: (1) the ALJ must certify that the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and (2) when those elements are met, the Board then exercises its unfettered discretion in deciding whether to accept or reject the petition for review.[6]

Respondent contends that, as required for interlocutory review, there is a controlling question of law as to which there is substantial ground for difference of opinion because "jurisdiction is always a controlling question of law."[7] Even if we were to accept this contention, the Board's authority to hear interlocutory appeals remains entirely discretionary.[8] And even assuming -- without deciding -- Respondent's appeal meets the § 1292(b) criteria, the nature of several of Respondent's arguments compels us not to exercise our discretion to suspend the proceedings below and accept the appeal at this time.

---

[3]     Order Granting Respondent's Expedited Motion for Order Permitting Appeal of Interlocutory Order at 4.

[4]     Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 85 Fed. Reg. 13,186 (Mar. 6, 2020).

[5]     *Berg v. Nicholas Servs., LLC*, ARB No. 2025-0027, ALJ No. 2023-AIR-00012, slip op. at 2 (ARB Jan. 31, 2025) (citing *Kim v. SK Hynix Memory Sols.*, ARB No. 2020-0020, ALJ No. 2019-SOX-00012, slip op. at 3-4 (ARB Jan. 28, 2020)).

[6]     *See Fagan v. Dep't of the Navy*, ARB No. 2023-0006, ALJ No. 2021-CER-00001, slip op. at 6 (ARB Apr. 6, 2023).

[7]     Motion for Leave to Amend Respondent's Petition for Interlocutory Review at 2.

[8]     *See, e.g., Berg*, ARB No. 2025-0027, slip op. at 3 (recognizing that that the Board exercises "unfettered discretion in deciding whether to accept or reject" a petition for interlocutory review."); *Fagan*, ARB No. 2023-0006, slip op. at 6 (recognizing that the Board's decision of whether to exercise its discretion to hear an interlocutory appeal is a prudential matter).

Before the ALJ, Respondent challenged the facial constitutionality of both the PSIA and the Department's regulations governing whistleblower proceedings. Respondent, for example, argued the PSIA itself is unconstitutional because it allows complainants, but not respondents, to kickout to federal district court in violation of the nondelegation doctrine.[9] Respondent likewise argued Complainant's claims are legal in nature and involve private rights, such that the Seventh Amendment and Article III of the Constitution require them to be tried in district court before a jury -- and the Department's regulations do not include a right to a jury trial.[10]

Even if we ultimately agreed with Respondents -- *although we categorically do not reach the merits of Respondent's arguments in denying this petition at this time* -- the Board would not appear to have the authority provide a remedy for these challenges. In a recent decision, we clarified that although the Board may consider as applied constitutional challenges, the Board "may not [ ] consider facial challenges to the 'legality of a regulatory provision or the constitutionality of a statutory provision[.]'"[11] Indeed, the Board has long held it does not have the power to pass on the constitutional validity of the statutes and regulations it administers.[12] And the plain language of the Secretary's delegation of authority confirms as much: "[t]he Board shall not have jurisdiction to pass on the validity of any portion of the Code of Federal Regulations that has been duly promulgated by the Department of Labor[.]"[13]

This limitation on the Board's authority to pass on the facial constitutionality of the statues and regulations it administers, and the broader prohibition against ruling on the validity of the Department's appropriately promulgated regulations,

---

[9]     Motion to Dismiss for Lack of Subject-Matter Jurisdiction at 15-16.

[10]    *Id.* at 4-5.

[11]    *Adm'r, Wage & Hour Div., U.S. Dep't of Lab. v. Next Level Sec. Serv., LLC*, ARB No. 2024-0028, ALJ No. 2021-FLS-00009, slip op. at 6 n.27 (ARB July 31, 2024).

[12]    *See, e.g.*, *Minthorne v. Virginia*, ARB No. 2009-0098, ALJ Nos. 2009-CAA-00004, -00006, slip op. at 8-9 (ARB July 19, 2011) (observing that "it would be inappropriate for the ARB to pass upon the constitutionality of the [Clean Air Act]. Thus we will presume the constitutionality of the act[.]"); *Adm'r, Wage & Hour Div., U.S. Dep't of Lab. v. Overdevest Nurseries, L.P.*, ARB No. 2016-0027, ALJ No. 2015-TAE-00008, slip op. at 15 (ARB Mar. 15, 2018) (recognizing that a challenge to the validity of a regulation "is not properly before the Board.").

[13]    Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 85 Fed. Reg. 13,186 (Mar. 6, 2020).

persuades us this is not the truly exceptional case that warrants ignoring our general practice not to accept piecemeal appeals and to reserve judgment on these issues until (and if) they reach us through the normal course of litigation.[14]

Accordingly, we **GRANT** Respondent's Motion for Leave to Amend and **DENY** Respondent's Petition for Interlocutory Review.

**SO ORDERED.**

_____
**IVEY S. WARREN**
**Administrative Appeals Judge**

_____
**JONATHAN ROLFE**
**Administrative Appeals Judge**

---

[14]    *See Gunther v. Deltek, Inc.*, ARB Nos. 2012-0097, -0099, ALJ No. 2010-SOX-00049, slip op. at 2 (ARB Sept. 11, 2012) ("[T]he Secretary of Labor and the Board have held many times that interlocutory appeals are generally disfavored and that there is a strong policy against piecemeal appeals.") (citations omitted).

# CERTIFICATE OF SERVICE

ARB-2025-0033 Andrew Wyderka v. Energy Transfer Co. dba Sunoco Logistics (Case No: 2023-PSI-00001)

I certify that the parties below were served this day.

_____02/24/2025_____
    (DATE)

_____
        Young Joo "Kristen" Chung, Esq.
        Clerk of the Appellate Boards

Andrew Wyderka
17800 Duncan Lane
Aurora, IN 47001
        --Electronic

Jennifer S Brand
200 Constitution Ave NW
Washington, DC 20210
        --Electronic

Kara Maciel, Thompson
5335 Wisconsin Ave. NW, Suite 660
Washington, DC 20015
        --Electronic

Mark Henry Ishu
Conn Maciel Carey, LLP
53 W. Jackson Boulevard, Suite 1352
Chicago, IL 60604
        --Electronic

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of the Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC 20001-8002

Assistant Secretary, Occupational Safety and Health
Administration (OSHA)
U.S. Department of Labor
200 Constitution Ave, NW
Room: S-2315
Washington, DC 20210
        --Electronic

Office of the Solicitor, Division of Fair Labor
Standards
200 Constitution Ave, NW
Room N-2716
Washington, DC 20210
        --Electronic

U.S. Department of Labor, Office of Administrative
Law Judges
200 Constitution Avenue, N.W.
Room S-4325
Washington, DC 20210
        --Electronic