IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| ENERGY TRANSFER LP, doing business as SUNOCO LOGISTICS GP LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor, WILLOW FORT, in her official capacity as an Administrative Law Judge of the United States Department of Labor, and THE OFFICE OF ADMINISTRATIVE LAW JUDGES OF THE UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendants. | Civil Action No. 3:25-CV-01258-L |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND
REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants United States Department of Labor, Lori Chavez-Deremer, Willow Fort, and the Office of Administrative Law Judges of the United States Department of Labor (collectively, Defendants or DOL) by and through the undersigned attorney, hereby answer Plaintiff Energy Transfer LP, d/b/a Sunoco Logistics, GP, LLC's (Energy Transfer or Plaintiff) Complaint. Defendants generally deny Plaintiff's allegations, except as specifically provided below. *See* Fed. R. Civ. P. 8(b)(3).

**PRELIMINARY STATEMENT**

Responses in numbered paragraphs below are to the allegations in each corresponding numbered paragraph of Plaintiff's Complaint. Plaintiff's topic headings are used or abbreviated

below for ease of reference. Use of these topic headings below does not constitute an admission or acknowledgement by the United States of their relevance or accuracy. Defendants expressly reserve the right to amend their Answer.

## INTRODUCTION

1.   Defendants admit that Plaintiff states that it brings this action seeking relief under 28 U.S.C. §§ 2201-02, but Defendants deny that Defendants should be enjoined from conducting Plaintiff's administrative hearing. Defendants admit that an administrative matter is currently pending in the U.S. Department of Labor's ("DOL") Office of Administrative Law Judges ("OALJ"), *Wyderka* v. *Energy Transfer,* Dkt, No. 2023-PSI-000I (the "Administrative Proceeding"). Defendants deny that the Administrative Proceeding is unconstitutional for any reason or that it deprives Energy Transfer of a Seventh Amendment constitutional right to a jury trial.

2.   Defendants admit that the Administrative Proceeding involves claims against Energy Transfer for damages and relief under the whistleblower provisions of the Pipeline Safety Improvement Act of 2002, 49 U.S.C. § 60129 ("PSIA") and is currently pending before DOL Administrative Law Judge ("ALJ") Willow Fort. Defendants deny that an evidentiary hearing on the merits commenced on September 9, 2025. Defendants deny that the Administrative Proceeding will necessarily lead to an evidentiary hearing and deny that if such a hearing were to be held, that it would violate Plaintiff's constitutional rights.

3.   Defendants admit as much of the allegations contained in Paragraph 3 of the Complaint as allege that Andrew Wyderka is a former employee of Plaintiff that filed an Occupational Safety and Health Administration ("OSHA") compliant against Plaintiff alleging

retaliation in violation of PSIA; that Plaintiff denies Wyderka's claim; and that Plaintiff alleges that it terminated him for lawful, non-retaliatory reasons.

4. The allegations contained in Paragraph 4 of the Complaint constitute Plaintiff's characterization of its own claims, to which no response is required.

5. The allegations contained in Paragraph 5 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 5 regarding constitutional violations in connection with the Administrative Proceeding.

6. The allegations contained in Paragraph 6 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 6 regarding constitutional violations in connection with the Administrative Proceeding.

7. The allegations contained in Paragraph 7 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 7 regarding constitutional violations in connection with the Administrative Proceeding.

8. The allegations contained in Paragraph 8 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 8 regarding constitutional violations in connection with the Administrative Proceeding.

9. The allegations contained in Paragraph 9 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is

required, Defendants expressly deny any allegations in Paragraph 9 regarding constitutional violations in connection with the Administrative Proceeding.

10. Defendants admit as much of the allegations contained in Paragraph 10 as allege that ALJ Fort issue an order on January 15, 2025 and it is attached to the Complaint as Exhibit 2.

11. Defendants admit as much of the allegations contained in Paragraph 11 as allege that the Administrative Review Board ("ARB") issued a decision on February 24, 2025 and it is attached to the Complaint as Exhibit 3.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 13 regarding constitutional violations in connection with the Administrative Proceeding.

14. The allegations contained in Paragraph 14 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 14 regarding constitutional violations in connection with the Administrative Proceeding.

## JURISDICTION AND VENUE

15. Defendants admit that Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331, but Defendants assert that whether jurisdiction exists is a conclusion of law which is reserved for the Court for determination and as to which no response is required.

16. Defendants admit that to the extent the Court has jurisdiction, the Court has authority to grant injunctive and declaratory relief.

**Defendants' Answer -Page 4 of 13**

17. Defendants admit that Plaintiff invokes venue in this Court under 28 U.S.C. § 1391(e) based on the location of Plaintiff's principal place of business and the location of the events or omissions that give rise to Plaintiff's claims, but Defendants assert that whether venue is proper is a conclusion of law which is reserved for the Court for determination and as to which no response is required. Notwithstanding, Defendants do not challenge venue.

18. Defendants are without knowledge to admit or deny Paragraph 18 of the Complaint.

19. Defendants admit Secretary Chavez-DeRemer is the Secretary of the United States Department of Labor and that Plaintiff has sued her in her official capacity but deny any wrongdoing or liability.

20. Defendants admit ALJ Fort is the administrative law judge presiding over the Administrative Proceeding and that Plaintiff has sued her in her official capacity but deny any wrongdoing or liability.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22. Defendants clarify and admit that the OALJ is authorized by regulation to conduct administrative proceedings when a person desires review of a PSIA determination by OSHA and requests a hearing. The Secretary of Labor has delegated authority to the ARB and assigned responsibility to act for the Secretary of Labor in review or on appeal of certain matters, including decisions and recommended decisions by ALJs as provided for under OSHA's program regulations.

## BACKGROUND

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit as much of the allegations contained in Paragraph 25 of the Complaint as allege that OSHA dismissed Wyderka's complaint on January 3, 2025 and a copy of OSHA's determination is attached to the Complaint as Exhibit 4.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit as much of the allegations contained in Paragraph 27 of the Complaint as allege that ALJ Fort denied Plaintiff's Motion for Summary Dismissal on January 25, 2024 and a copy of the order is attached to the Complaint as Exhibit 6.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants admit as much of the allegations contained in Paragraph 30 of the Complaint as allege that ALJ Fort denied Plaintiff's Motion to Dismiss on January 15, 2025 and a copy of the order is attached to the Complaint as Exhibit 2.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit as much of the allegations contained in Paragraph 32 of the Complaint as allege that Plaintiff filed an interlocutory appeal on January 31, 2025 and a copy of the filing is attached to the Complaint as Exhibit 9.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit as much of the allegations contained in Paragraph 34 of the Complaint as allege that the ARB denied Plaintiff's interlocutory appeal on February 24, 2025 and a copy of the order is attached to the Complaint as Exhibit 11.

35. Defendants deny that a hearing occurred regarding Wyderka's claims occurred on September 9, 2025.

36. The allegations contained in Paragraph 36 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 36 regarding constitutional violations in connection with the Administrative Proceeding.

37. The allegations contained in Paragraph 37 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 37 regarding constitutional violations in connection with the Administrative Proceeding.

38. The allegations contained in Paragraph 38 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 38 regarding constitutional violations in connection with the Administrative Proceeding.

## CLAIMS FOR RELIEF

### COUNT 1 – SEVENTH AMENDMENT CLAIMS

39. The allegations in Paragraph 39 do not require a response.

40. The allegations contained in Paragraph 40 of the Complaint constitute legal conclusion which does not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 40 regarding Seventh Amendment violations in connection with the Administrative Proceeding.

41. The allegations contained in Paragraph 41 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 41 regarding Seventh Amendment violations in connection with the Administrative Proceeding.

42. Defendants are without knowledge to admit or deny Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 43 regarding Seventh Amendment violations in connection with the Administrative Proceeding.

44. The allegations contained in Paragraph 44 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 44 regarding Seventh Amendment violations in connection with the Administrative Proceeding.

## COUNT II – REMOVAL CLAIMS

45. The allegations in Paragraph 45 do not require a response.

46. Paragraph 46 of the Complaint contains a quotation from the United States Constitution and allegations that constitute legal conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 46 regarding constitutional violations in connection with the Administrative Proceeding.

47. The allegations contained in Paragraph 47 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 47 regarding constitutional violations in connection with the Administrative Proceeding.

48. Paragraph 48 contains a quote from 5 U.S.C. § 7521(a) and constitutes a legal argument and conclusion which does not require a response. However, to the extent a response is

required, Defendants expressly deny any allegations in Paragraph 48 regarding constitutional violations in connection with the Administrative Proceeding.

49. Paragraph 49 contains a quote from 5 U.S.C. § 1202(d) and constitutes a legal argument and conclusion which does not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 49 regarding constitutional violations in connection with the Administrative Proceeding.

50. The allegations contained in Paragraph 50 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 50 regarding constitutional violations in connection with the Administrative Proceeding.

51. The allegations contained in Paragraph 51 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 51 regarding constitutional violations in connection with the Administrative Proceeding.

## COUNT III – ARTICLE III CLAIMS

52. The allegations in Paragraph 52 do not require a response.

53. The allegations contained in Paragraph 53 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 53 regarding constitutional violations in connection with the Administrative Proceeding.

54. The allegations contained in Paragraph 54 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is

required, Defendants expressly deny any allegations in Paragraph 54 regarding constitutional violations in connection with the Administrative Proceeding.

54. The allegations contained in Paragraph 55 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 55 regarding constitutional violations in connection with the Administrative Proceeding.

56. The allegations contained in Paragraph 56 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 56 regarding constitutional violations in connection with the Administrative Proceeding.

## COUNT IV – NONDELEGATIN DOCTRINE AND ARTICLE I SEPARATION OF POWERS CLAIMS

57. The allegations in Paragraph 57 do not require a response.

58. The allegations contained in Paragraph 58 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 58 regarding constitutional violations in connection with the Administrative Proceeding.

59. The allegations contained in Paragraph 59 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 59 regarding constitutional violations in connection with the Administrative Proceeding.

60. The allegations contained in Paragraph 60 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is

required, Defendants expressly deny any allegations in Paragraph 60 regarding constitutional violations in connection with the Administrative Proceeding.

61. The allegations contained in Paragraph 61 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 61 regarding constitutional violations in connection with the Administrative Proceeding.

62. The allegations contained in Paragraph 62 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 62 regarding constitutional violations in connection with the Administrative Proceeding.

## COUNT V – DUE PROCESS CLAIMS

63. The allegations in Paragraph 63 do not require a response.

64. The allegations contained in Paragraph 64 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 64 regarding constitutional violations in connection with the Administrative Proceeding.

65. The allegations contained in Paragraph 65 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 65 regarding constitutional violations in connection with the Administrative Proceeding.

66. The allegations contained in Paragraph 66 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is

required, Defendants expressly deny any allegations in Paragraph 66 regarding constitutional violations in connection with the Administrative Proceeding.

67. The allegations contained in Paragraph 67 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 67 regarding constitutional violations in connection with the Administrative Proceeding.

68. The allegations contained in Paragraph 68 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 68 regarding constitutional violations in connection with the Administrative Proceeding.

69. The allegations contained in Paragraph 69 of the Complaint constitute legal arguments and conclusions which do not require a response. However, to the extent a response is required, Defendants expressly deny any allegations in Paragraph 69 regarding constitutional violations in connection with the Administrative Proceeding.

## PRAYER FOR RELIEF

The allegations in this section constitute Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or any other relief and ask that judgment be entered in favor of Defendants.

## GENERAL DENIAL

Any allegation contained in Plaintiff's Complaint that has not been specifically and expressly admitted is hereby denied.

## DEFENSES

1. The Court lacks subject matter jurisdiction over some or all of the claims in Plaintiff's Complaint.

2. Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendants.

3. Defendants' actions or inactions did not violate the Constitution or any other statutory or regulatory provision.

4. Plaintiff waived one or more of its claims.

Respectfully submitted,

NANCY E. LARSON
Acting United States Attorney

*/s/ Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney
Texas Bar No. 24055299
1100 Commerce Street, Third Floor
Dallas, TX  75242-1699
Telephone:    214-659-8600
Facsimile:     214-659-8807
Mary.cherry@usdoj.gov

*Attorneys for Defendants*

Certificate of Service

On October 8, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry