**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | |
|---|---|
| **ENERGY TRANSFER LP,**<br>**d/b/a SUNOCO LOGISTICS, GP, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KEITH SONDERLING**, in his official capacity as Acting Secretary of the U.S. Department of Labor, et al.,<br><br>Defendants. | **No. 3:25-cv-01258-L** |

**PLAINTIFF ENERGY TRANSFER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, Energy Transfer LP, d/b/a Sunoco Logistics, GP, LLC, respectfully submits this Notice of Supplemental Authority to advise the Court of two authorities issued after the completion of the parties' summary judgment briefing in March 2026. Neither authority was available when the parties completed briefing. Both decisions directly address the principal constitutional and remedial issues presented by the parties' pending cross-motions for summary judgment, including Plaintiff's Article II challenge to the statutory removal protections applicable to Department of Labor Administrative Law Judges, Plaintiff's Seventh Amendment challenge to the administrative adjudication of civil penalty claims, the government's severability arguments, the availability of declaratory and permanent injunctive relief, and the appropriate remedy if the challenged statutory scheme is found unconstitutional.

**1. *Trump v. Slaughter*, No. 25-332, 2026 WL 1855612 (U.S. June 29, 2026)**

Plaintiff Energy Transfer LP respectfully submits this Notice of Supplemental Authority to advise the Court of two authorities issued after the completion of the parties' summary judgment briefing in March 2026. Neither authority was available when the parties completed

briefing. Both decisions directly address the principal constitutional and remedial issues presented by the parties' pending cross-motions for summary judgment, including Plaintiff's Article II challenge to the statutory removal protections applicable to Department of Labor Administrative Law Judges, Plaintiff's Seventh Amendment challenge to the administrative adjudication of civil penalty claims, the government's severability arguments, the availability of declaratory and permanent injunctive relief, and the appropriate remedy if the challenged statutory scheme is found unconstitutional.

*Slaughter* substantially alters the Article II framework governing removal restrictions on executive officers and bears directly on Plaintiff's constitutional challenge to the statutory removal protections applicable to Department of Labor Administrative Law Judges.

**2. *Aunt Bertha d/b/a Findhelp v. National Labor Relations Board*, No. 4:24-cv-798-P, 2026 WL 1365028 (N.D. Tex. June 17, 2026) (amended opinion)**

In *Aunt Bertha*, the Northern District of Texas considered constitutional challenges to an ongoing administrative enforcement proceeding that present many of the same constitutional and remedial issues raised here. The plaintiff challenged the statutory removal protections applicable to Administrative Law Judges and agency officials under Article II, argued that the agency's administrative adjudication of legal monetary claims violated the Seventh Amendment, and sought declaratory and permanent injunctive relief. The court agreed. It held that the statutory removal protections violated Article II and rejected the government's argument that the constitutional defect could be cured through judicial severance. The court also granted summary judgment on the plaintiff's Seventh Amendment claim and entered declaratory and permanent injunctive relief prohibiting the agency from adjudicating and awarding legal monetary relief through an administrative proceeding that does not provide a civil jury.

The decision is relevant because it addresses many of the constitutional challenges and remedial questions presented by the parties' pending cross-motions for summary judgment, including Article II, the Seventh Amendment, severability, declaratory relief, permanent injunctive relief, and the appropriate remedy for unconstitutional removal restrictions.

Plaintiff respectfully submits these authorities for the Court's consideration as it resolves the parties' pending cross-motions for summary judgment.

Dated: July 31, 2026

Respectfully submitted,

Lead Counsel for Plaintiff Energy Transfer:

/s/ Kara M. Maciel
Kara Maciel, Esq.
District of Columbia Bar No. 477363
kmaciel@connmaciel.com

/s/ Mark H. Ishu
Mark H. Ishu, Esq.
Illinois State Bar No. 6296803
mishu@connmaciel.com
Conn Maciel Carey LLP
5335 Wisconsin Avenue, NW, Suite 660
Washington, D.C. 20015

Local Counsel for Plaintiff Energy Transfer:

Jessica Renee Brown
Texas State Bar No. 24048975
Jessica@KJPartners.law
KJ Partners LLP
4849 Greenville Ave., Ste. 100-170
Dallas, Texas 75206
Tel: (469) 586-6881

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2026, I electronically filed the foregoing Plaintiff Energy Transfer LP's Notice of Supplemental Authority with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Kara M. Maciel____
Kara M. Maciel